H. L. LUNGREEN, et al., v. CANDACE STRAWN, et al.

9 So. (2nd) 195                                    Division A
July 10, 1942

Tom. B. Stewart, for appellants.

Murray Sams and Neill S. Jackson, for appellees.

PER CURIAM:

This appeal is from a decree dismissing a second amended bill of complaint seeking to enjoin alleged excessive pumping of water from a fresh water lake for irrigation purposes by a riparian owner to the alleged injury of other riparian owners.

The decree contains the following: "it appearing to the Court that the plaintiffs are owners of properties bordering on or near Lake Hires in Volusia County, Florida, and the defendant Candace Strawn, also owns two properties with citrus groves thereon, bordering

on Lake Hires; . . . .that the defendant, Candace Strawn, for many years has been irrigating, particularly in dry seasons, her citrus groves on her properties by pumping water from the waters of said lake by means of irrigation pumps; . . . that the plaintiffs seek to restrain the defendants from further pumping of the waters from said lake on the grounds that the excessive pumping of the waters therefrom has lowered the level of the lake to such an extent that the plaintiff's citrus and agricultural crops on their respective properties bordering on said lake have been damaged thereby; . . . that the defendants' answer denies that the defendants have pumped or used excessive or unreasonable amounts of waters from said lake or that the level of the lake has been appreciably lowered by reason of such pumping and denies that the damage to the plaintiffs as claimed had been caused by the acts of the defendants . in pumping waters from the lake for irrigation purposes; and that such damage, if any, to the plaintiffs had been caused by a drouth which existed for a period of time covered by the bill of complaint; and that defendants . . . stated in their answer that the defendants' groves had been purposely located adjacent to the lake because of the protection afforded thereby and for irrigation purposes.

"In consideration of this case the Court is of the opinion that where there are several riparian owners owning property abutting on a lake, one or more riparian owners can not use waters from the lake to such an excessive extent that it will likely impair or destroy the lake or any of the vested rights of others incidental to such riparian ownership; the Court has been mindful of these factors.

"The Court, after due consideration of the pleadings and proof as submitted in said cause, finds that the plaintiffs have failed to prove a case which would entitle them to injunctive relief as prayed for in the bill of complaint. The Court has based its findings on the following:

"That the defendant, Candace Strawn, is a riparian owner having properties bordering on Lake Hires and as such riparian owner has the right to a reasonable share of the waters thereof for irrigation purposes and spraying purposes, in common with other riparian owners bordering thereon, who have a similar right to a reasonable share of the waters thereof.

"That it does not appear that the defendants have used an unreasonable or excessive amount of the waters of Lake Hires for irrigation purposes, but only an amount sufficient for the needs of her citrus grove adjacent to said lake.

"That it appears that a drouth existed for the period covered by the bill of complaint and that plaintiffs' citrus and agricultural crops were affected thereby and that such drought was general and also affected citrus and crops other than the plaintiffs' in the drouth area.

"That it does not appear that the damage as complained of by the plaintiffs is the result of the acts of the defendant in pumping waters from Lake Hires for the purpose of irrigating her citrus groves bordering thereon.

"That Lake Hires is of less area than two square miles and therefore is not affected by the provisions of Chapter 6956, Acts of 1915, Laws of Florida (Compiled General Laws of Florida, 1927, Section 1630).

"That at the time of the hearing it is not made to appear that an injunction is necessary as it appears

from the testimony of the witnesses that the water level of Lake Hires is at its approximate normal level.

"It is therefore, Ordered, Adjudged and Decreed that the relief as prayed for in the bill of complaint be and the same is hereby denied, and the bill of complaint is hereby dismissed at the cost of the plaintiffs."

Upon due consideration of the entire record it is not made to appear that the decree is erroneous on the evidence under the issues made in this case; it is therefore considered, ordered and adjudged that the decree is affirmed.

BROWN, C. J., WHITFIELD, BUFORD, and ADAMS, JJ., concur.