215 So.2d 732 (1968)
Frank BALBONTIN, Petitioner,
v.
J.A. PORIAS, a/k/a Joseph Armando Porias, a/k/a J. Armando Porias, Respondent.
No. 37423.
Supreme Court of Florida.
November 13, 1968.
Rehearing Denied December 12, 1968.
*733 Thomas A. Horkan, Jr., and Alfred D. Bieley, Miami, for petitioner.
Dean, Adams, George & Wood and Jeanne Heyward, Miami, for respondent.
ERVIN, Justice.
We review by certiorari the decision of the District Court of Appeal, Third District, in Balbontin v. Porias, 208 So.2d 314, a per curiam affirmance without written opinion.
The record discloses Petitioner, the plaintiff in the Circuit Court, sued Respondent J.A. Porias, the defendant. In plaintiff's complaint it is alleged his employer contracted with the defendant, a physician and surgeon, for medical services for plaintiff and that defendant treated and performed surgery on plaintiff. In Count I of the complaint it is alleged that defendant negligently, carelessly and recklessly and without sterile preparation operated on plaintiff's thumb; that as a result thereof a severe pyogenic infection arose in the thumb, which continued for some four months, leaving extensive damage and deformity and that defendant's actions in the surgery failed to meet the standards of care for surgical intervention by a physician and surgeon in the community.
Count II of the complaint alleged the operation was performed upon plaintiff without his informed consent, without any advice from the defendant as to the nature of the procedure and the possible consequences.
Count III alleged the defendant in undertaking the care and treatment of plaintiff warranted that his care and treatment of plaintiff would be consistent with the standard of care for surgical intervention by physicians and surgeons of Dade County wherein the care and treatment occurred.
The defendant moved to dismiss the complaint and in the alternative to strike portions of it on grounds that the complaint improperly contained conclusions of the pleader, evidentiary facts in the form of a narrative recitation of plaintiff's alleged grievances against defendant rather than ultimate issuable facts, and that the complaint failed to state a cause of action.
Upon hearing this motion, the Circuit Court on December 7, 1966 entered an order that "defendant's Motion to Dismiss the Plaintiff's Complaint be, and the same be hereby granted; that the Plaintiff be * * granted 30 days from the date * * * of this Order in which to file its (sic) Amended Complaint."
Thereupon an amended complaint was filed on January 5, 1967 containing substantially the same allegations as hereinbefore related.
The defendant moved to dismiss the amended complaint "for failure to state a cause of action against this defendant," assigning grounds similar to those contained in his original motion to dismiss. One of the grounds said the "Amended Complaint contains a lengthy, involved statement of the pleader which is vague and confusing and fails to conform to the requirements set forth in the Florida Rules of Civil Procedure, Rule 1.110(B) [30 F.S.A.]."
Hearing was held on defendant's second motion and on a motion for default filed by plaintiff because defendant did not file an answer to the amended complaint. Thereupon on April 26, 1967 the trial judge denied the motion for default and ordered that "Defendant's Motion to Dismiss is hereby granted and that the Plaintiff shall have 20 days within which to file his second Amended Complaint."
*734 The trial court entered an order of dismissal in the cause which was filed May 19, 1967 and recited
"THIS CAUSE having come on before me on February 17, 1967 on Defendant's Motion to Dismiss, and the Court having granted said Motion giving Plaintiff twenty (20) days within which to file his Second Amended Complaint, and in view of Plaintiff's failure to file his Second Amended Complaint within the time required, it is hereby
"ORDERED AND ADJUDGED That this action hereby stands dismissed."
Notice of appeal of this order of May 19, 1967 to the District Court of Appeal, Third District, was filed by plaintiff on June 14, 1967. Error was assigned on the ground the trial court "committed prejudicial error by dismissing the Plaintiff's Amended Complaint since the Plaintiff's Amended Complaint stated a claim for relief * * *"
We have felt compelled to refer at length to the record in the trial court because we find this case involves a conflict typical of the kind appearing in Foley v. Weaver Drugs, Inc. (Fla.), 177 So.2d 221, and Young Spring & Wire Corp. v. Smith (Fla.), 176 So.2d 903, where the claimed decisional conflict is not apparent from the opinion of the District Court.
It is obvious to us from this record that the District Court in affirming the trial court simply held that the complaint did not state in any of its allegations a cause of action and consequently dismissed it. The trial court did not undertake to grant the motion to strike specific portions of the complaint on the ground of an improper pleading of evidentiary facts or pleading of improper conclusions or other violation of pleading rules, including F.R.C.P. Rule 1.110(b). While a plaintiff may be required to amend a complaint to eliminate specific irrelevancies or certain evidentiary allegations or improper conclusion, but where, as here, the order of dismissal of the trial court on its face goes directly to the substantive question whether as a matter of law a cause of action has been stated at all and an appeal is taken for that reason, that is the issue on appeal. Here, it appears the order of dismissal gave the plaintiff an option either to amend a second time or stand on his amended complaint and take an appeal from the dismissal. Thus the issue was essentially whether a cause of action was stated and not whether there were pleading deficiencies of form. See Crandall's Florida Common Law Practice, text pages 91, 95 and 101.
In such a situation if the allegations of the complaint reflected by the record state a cause of action but the District Court on appeal nevertheless affirms without written opinion the trial court's dismissal of the complaint, such affirmance invokes our certiorari jurisdiction if the record shows the result to be in conflict with an appellate decision of an appropriate appellate court. Foley v. Weaver Drugs, Inc., supra.
In this case we find the result of the dismissal conflicts with Bir v. Foster (Fla.App., A2 1960), 123 So.2d 279; Brown v. Wood (Fla.App., A2 1967), 202 So.2d 125, and Saunders v. Lischkoff, 137 Fla. 826, 188 So. 815, because a reading of these cases discloses the amended complaint is sufficient to state a cause of action in a malpractice case. Even though complaint violates spirit and intent of rules of pleading, if complaint as a whole, in any part, stated cause of action, the remaining parts could be considered as surplusage. Moore v. Boyd (Fla.), 62 So.2d 427.
The judgment of the District Court is quashed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
CALDWELL, C.J., and ROBERTS and HOPPING, JJ., concur.
THOMAS, J., dissents.