224 So.2d 391 (1969)
Walter L. BROWN, On Behalf of Himself and All Others Similarly Situated, Appellant,
v.
Oren A. ELLINGSON, William E. Cobb, the Citrus Grove Development Company, a Florida Corporation, W.J. Mann, J.J. Frekehayes, and Richard F. Dopler, Individually and As Representatives of a Class to Which They Belong, Appellees.
No. 68-600.
District Court of Appeal of Florida. Second District.
June 11, 1969.
Rehearing Denied July 28, 1969.
*392 G. Robert Schultz, St. Petersburg, for appellant.
Joe R. Young, Jr., and Clinton A. Curtis, Lake Wales, and Stephen H. Grimes, Bartow, for appellees.
LILES, Chief Judge.
Walter L. Brown, appellant here and plaintiff in the trial court, filed his complaint for himself and all others similarly situated against defendant-appellees, alleging that defendants were violating Section 298.74, Florida Statutes, F.S.A., entitled *393 "Drainage of Lakes,"[1] by drawing water from Crooked Lake, a lake greater than two square miles, without first obtaining written consent of the abutting owners. He also alleged that defendants were thereby infringing upon his common law rights as a riparian owner.
Defendants filed a motion to dismiss on the grounds that the complaint failed to state a cause of action, and that it was improperly framed as a class action. The trial judge granted the motion to dismiss with leave to amend. However, plaintiff chose to take this interlocutory appeal rather than file an amended complaint.
In dismissing the complaint, the trial court held that § 298.74 did not apply to the present situation because it only controls when such a lake is lowered by drainage by means of a canal or ditch and not by drawing the water off by pumping as here. It is alleged the lake was being drained below its normal water level as a result of defendants' grove irrigation activities.
It is clear from reading the statute that it requires one who wishes to drain or draw water from any lake of greater area than two square miles so as to lower the level thereof must first obtain written consent of all owners of property abutting on or bounded by said lake. Whether the defendants have in fact lowered the level of the lake is a question to be decided by the evidence adduced. The complaint alleges that they have, and that they have done so by drawing water from the lake to irrigate their groves. While irrigation of groves from riparian waters is normally a proper activity, it is prohibited by statute when the level of the lake is lowered thereby unless permission from property owners abutting the lake is first obtained.
The trial judge cited in his order of dismissal the cases of Tilden v. Smith, 1927, 94 Fla. 502, 113 So. 708 and Lungren v. Strawn, 1942, 151 Fla. 106, 9 So.2d 195. The Tilden case had to do with lowering the lake to its normal level by draining off excess water into the underground by means of a well, and the court there held that this was a drainage project but that the statute did not prohibit the lowering of an abnormally high level in an effort to return the lake to its natural level by such means. The Lungren case involved a similar situation to the instant case. But there it was proven that the lake in question was less than two square miles and that this statute therefore did not apply. In neither case is there a suggestion that this statute only applies when the lowering is solely accomplished by "drainage" as opposed to "pumping" or any other method whereby water can be drawn from a lake.
We therefore believe that plaintiff's complaint states a cause of action pursuant to § 298.74, Fla. Stat., F.S.A., and that he should be given the opportunity of proving whether the complaint is true or not. That is, plaintiff must show that the level of Crooked Lake has been lowered below its normal level as a direct result of defendants' pumping operations.
We are also of the opinion that plaintiff's complaint also stated a cause of action in stating that his common-law riparian rights are being violated. He alleges that defendants have unreasonably caused the normal water level of Crooked Lake to be lowered so that the shoreline has receded markedly and large areas of the lake bottom are now exposed, all of which has deprived plaintiff of the reasonable use of the lake for pleasure and recreational purposes. While the problems of proof in this matter may indeed be difficult, the *394 dismissal of the complaint must be reversed for further proceedings on this issue. See Taylor v. Tampa Coal Co., Fla., 1950, 46 So.2d 392; Lake Gibson Land Co. v. Lester, Fla.App., 1958, 102 So.2d 833; Duval v. Thomas, Fla.App., 1958, 107 So.2d 148; Florio v. State ex rel. Epperson, Fla.App., 1960, 119 So.2d 305, 80 A.L.R.2d 1117.
The final point on appeal concerns the framing of this suit as a class action. The trial judge properly dismissed this suit without prejudice in holding that the complaint was not properly framed as a class action.
Plaintiff has brought suit purporting to represent himself and "all others similarly situated," and he sues the named defendants "individually and as representatives of a class to which they belong." This court has recently construed the standards to be applied in determining whether an action has properly been framed as a class action. In Port Royal, Inc. v. Conboy, Fla.App., 1963, 154 So.2d 734, we said that:
"It is fundamental that an action is not a class suit merely because the plaintiff designates it as such in the complaint and uses the language of the rule. Whether it is or is not a class suit depends upon the circumstances surrounding the case. However, the complaint should allege facts showing the necessity for bringing the action as a class suit and the plaintiff's right to represent the class. The plaintiff should allege that he brings the suit on behalf of himself and others similarly situated. The complaint should allege the existence of a class, described with some degree of certainty, and that the members of the class are so numerous as to make it impracticable to bring them all before the court. It should be made clear that the plaintiff adequately represents the class, and whether a party adequately represents the persons on whose behalf he sues depends on the facts of the particular case. Generally, the interest of the plaintiff must be co-extensive with the interest of the other members of the class. A class suit is maintainable where the subject of the action presents a question of common or general interest, and where all members of the class have a similar interest in obtaining the relief sought. The common or general interest must be in the object of the action, in the result sought to be accomplished in the proceedings, or in the question involved in the action. There must be a common right of recovery based on the same essential facts." 154 So.2d at 736.
In applying these standards to the present case we must consider "circumstances surrounding" this case on the basis of the facts alleged in the complaint. With regard to the existence of a class of plaintiffs, it appears some of the standards have been met. Plaintiff purports to represent all those people similarly situated, and it is apparent from the complaint that this group consists of other land owners abutting Crooked Lake. This group is ascertainable with the requisite degree of certainty. That is, the members of this class are identifiable since they consist of all abutting land owners, with the exception of those land owners who are defendants. The fact there is an apparent overlapping of interests in that defendants are also abutting land owners is not fatal because, as pointed out in Port Royal, the statement that plaintiff only represents those land owners "similarly situated" necessarily excepts from the class of plaintiffs those defendants that are violating plaintiffs' rights. Likewise, the interest of these plaintiffs is co-extensive.
Plaintiff's complaint, however, is somewhat deficient as regards other pleading requirements of a proper class suit. Plaintiff has not alleged that he adequately represents all the members of this class. Likewise, he has not alleged facts which demonstrate the necessity for bringing this action as a class action suit. Finally, though plaintiff has alleged that the class of plaintiffs is too numerous to all be *395 joined in this suit he has not pleaded and proven this conclusion to the degree of certainty required. As stated in City of Lakeland v. Chase Nat. Co., 1947, 159 Fla. 783, 32 So.2d 833, at 838:
"In class suits it is important to plead and describe the class with certainty whether the class be plaintiffs or defendants and if they are considered so numerous as to make it impractical to bring them before the court it too should be plead and proved with a fair degree of certainty. More is required than the mere pleading the language of the statute."
In other words, this court will not take judicial notice of the number of property owners on Crooked Lake.
With regard to the existence of an identifiable and proper class of defendants, it appears that the complaint suffers a greater deficiency than it does with regard to the purported class of plaintiffs. As in the case of the class of plaintiffs, the complaint does not allege that the named defendants adequately represent the purported class of defendants, and it does not allege the necessity of suing them as a class, nor does it properly allege that the class is too numerous so as to make it impractical to join them in this suit individually.
In addition, the purported group of defendants is not identifiable with any degree of certainty. They are not presently ascertainable from the complaint. It could be said that defendants are all those people who are drawing water from Crooked Lake to an extent which violates plaintiff's riparian rights. But it is unknown who is in this group and, by its very definition, it would be impossible to ascertain its members until after the present suit is disposed of. In other words, as of the filing of the complaint, there is no way to determine who may ultimately wind up being defendants in this suit. Therefore, these unknown and presently unidentifiable members would have no opportunity to defend themselves in this suit, and may not even know that their rights in Crooked Lake are being challenged. A given property owner would not know whether he was a party plaintiff or defendant in this suit if he draws any water at all from Crooked Lake. Finally, it has not been alleged, nor is it apparent from the complaint, that the rights of this group of defendants are co-extensive.
This cause is therefore affirmed in part and reversed in part, and remanded for further proceedings consistent with this opinion and without prejudice to appellant's right to amend concerning his allegations that this is a class action.
MANN and McNULTY, JJ., concur.
NOTES
[1] It is unlawful for any person to drain or draw water from any lake of greater area than two square miles so as to lower the level thereof without first obtaining the written consent of all owners of property abutting on or bounded by said lake; provided, however, this section shall not apply to any lake included wholly within the Everglades drainage district. Courts of equity shall have jurisdiction to enjoin any person from violating the provisions of this section.