272 So.2d 542 (1973)
Edward Allen HARRELL et al., Appellants.
v.
HESS OIL AND CHEMICAL CORPORATION, a Corporation, and Parkhill-Goodloe Co., Inc., a Corporation, Appellees.
No. R-191.
District Court of Appeal of Florida, First District.
January 18, 1973.
Rehearing Denied February 19, 1973.
Neal D. Evans, Jr., of Evans, Stewart, Perry & Stelogeannis, Jacksonville, for appellants.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, *543 and E. Dale Joyner, of Kurz, Toole, Taylor, Moseley & Gabel, Jacksonville, for appellees.
WIGGINTON, Judge.
Plaintiffs have appealed a final judgment dismissing their complaint for damages which plaintiffs claim to have suffered as a result of the alleged pollution by defendants of Dunn's Creek, a navigable stream or river in Duval County, Florida.
The judgment appealed was rendered consequent upon the court's prior order granting defendants' motion to dismiss the complaint which was brought as a class action by plaintiffs and all other persons owning property bordering on Dunn's Creek and all persons who have had occasion to use the waterway since its alleged pollution by defendants. In the order granting defendants' motion to dismiss the complaint, plaintiffs were allowed 20 days in which to file an amended complaint, upon failure of which the action would stand dismissed with prejudice at the cost of plaintiffs. Plaintiffs elected not to file an amended complaint, so final judgment of dismissal was rendered.
We agree with the trial court that the complaint as framed does not allege sufficient ultimate facts to constitute a class action within the meaning of the rule.[1] The allegations do not meet the standards for a class action as required by the established law of this state.[2]
Appellants contend that even if their complaint was not sufficient to constitute a class suit, it was nevertheless sufficient to state a valid cause of action for damages suffered by plaintiffs in their individual capacities as a result of the unlawful acts of defendants in polluting Dunn's Creek. Because of this, appellants urge that their complaint should not have been dismissed but the allegations concerning the class action merely stricken. In support of this position appellants rely on the decision of Gordon Finance, Inc. v. Belzaguy.[3] It is our view that appellants' position and their reliance upon the cited authority are not well taken. The Gordon Finance case is distinguishable on the facts and legal issues involved and did not directly pass upon the question of law present in the case sub judice. In Gordon the defendants' motion to dismiss the complaint because it was not sufficient to state a cause of action as a class suit was denied even though it was conceded that the allegations were sufficient to state a cause of action for damages suffered by plaintiffs in their individual capacities. Promptly after such order was rendered, plaintiffs moved to amend their complaint by eliminating the class suit aspects thereof and confining their claim to damages suffered as individuals. Interlocutory appeal was taken from the order denying defendants' motion to dismiss. In affirming the order appealed, the Third District Court of Appeal merely held that the trial court was correct in not dismissing the action even though the complaint failed to allege sufficient facts to constitute it a class suit. Such holding was predicated upon the showing in the record that plaintiffs had a pending motion in the cause to amend their complaint to claim damages only as individuals and not on behalf of a class whom they originally purported to represent. The cause was remanded for further proceedings which contemplated a trial on the amended complaint rather than the original complaint to which the motion to dismiss was directed.
In the case sub judice plaintiffs were granted permission to file an amended complaint if they so desired, but they elected not to do so. It was only upon their declination to plead further that the final judgment of dismissal was rendered. Under *544 the circumstances the judgment was proper and is not vulnerable to attack on the grounds urged by appellants.[4]
The judgment appealed is accordingly affirmed.
RAWLS, Acting C.J., and JOHNSON, J., concur.
NOTES
[1] Rule 1.220, R.C.P., 30 F.S.A.
[2] Port Royal, Inc. v. Conboy (Fla.App. 1963) 154 So.2d 734, 737.
[3] Gordon Finance, Inc. v. Belzaguy (Fla.App. 1968) 216 So.2d 240.
[4] Wilson v. First National Bank of Miami Springs (Fla.App. 1971) 254 So.2d 362; Buntin v. Carter (Fla.App. 1970) 234 So.2d 131; Brown v. Ellingson (Fla.App. 1969) 224 So.2d 391.