287 So.2d 291 (1973)
Edward Allen HARRELL et al., Petitioners,
v.
HESS OIL AND CHEMICAL CORPORATION, a Corporation and Parkhill-Goodloe, Co., Inc., a Corporation, Respondents.
No. 43515.
Supreme Court of Florida.
December 5, 1973.
*293 Neal D. Evans, Jr., of Evans, Stewart, Perry & Stelogeannis, Jacksonville, for petitioners.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for respondent Hess Oil and Chemical Corp.
E. Dale Joyner of Toole, Taylor, Moseley, Gabel & Milton, Jacksonville, for respondent Parkhill-Goodloe Co., Inc.
DEKLE, Justice.
This case comes to us on petition for writ of certiorari alleging conflict between the decision of the First District at 272 So.2d 542 and Gordon Finance, Inc. v. Belzaguy, 216 So.2d 240 (Fla.App.3d 1968). Jurisdiction is asserted under Article V, § 3(b)(3), F.S.A., of our State Constitution.
Petitioners sought to bring a class action against respondents seeking damages for the respondents' alleged discharge of sand and silt into Dunn's Creek, a navigable waterway in Duval County. The named plaintiffs were owners of land bordering on the creek, with riparian rights incident to the titles to their lands; they alleged the specific items of damage they claimed to have suffered as a result of the discharges in question. The class asserted in the complaint was "all persons owning property bordering on Dunn's Creek in Duval County, Florida, and all persons who have had occasion to use such waterway since the happening of the events hereinafter alleged." A motion to dismiss the complaint for failure to state a cause of action was granted, and petitioners were allowed twenty days to amend; petitioners elected to stand on their complaint and, pursuant to the prior order granting the motion to dismiss, the action was then dismissed with prejudice. The First District at 272 So.2d 542 (1973), distinguished Gordon Finance, Inc. and affirmed.
Petitioners assert that the dismissal was erroneous in that: (1) the complaint properly alleged the necessary elements of a class action; (2) even if no class action was properly plead, the action should not have been dismissed, but rather the allegations relating solely to a class action should have been stricken and the action allowed to continue as one for individual relief only; and (3) the complaint stated a cause of action on behalf of the individual named plaintiffs. It is the second contention that involves the asserted direct conflict giving rise to our jurisdiction.
In Gordon Finance, Inc. v. Belzaguy, supra, the court affirmed a trial court ruling which held that the complaint involved did not meet the requisites for a class action, but the Gordon court did refuse to dismiss the complaint where it stated an individual cause of action. On slightly differing facts, the trial court in the instant case dismissed the complaint with prejudice, and this dismissal was affirmed by the district court. Direct decisional conflict exists sufficient to support our jurisdiction under Article V, § 3(b)(3), F.S.A., Florida Constitution.
The standards which must be met in order properly to plead a class action have been stated many times, but are perhaps set out best in Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla.App.2d 1963). As noted there, a complaint in a class action suit must:
(1) show the necessity for bringing the action as a class suit;
(2) show plaintiff's right to represent the class;

*294 (3) allege that plaintiff brought suit on behalf of himself and all others similarly situated;
(4) allege the existence of a class, described with some degree of certainty;

(5) allege that the members of the class were so numerous as to make it impracticable to bring them all before the court;
(6) make it clear that plaintiff adequately represents the class; and
(7) show that the interests of the plaintiff were co-extensive with the interests of the other members of the class.
Measuring the complaint in the instant case by these standards, it becomes clear that a class action has not been properly plead and on this score the learned judges are imminently correct. The class asserted is not a distinct class described with some degree of certainty, but a combination of persons owning land bordering on the creek in question and unidentified other persons who have happened to use the creek since the asserted discharges began. There is no showing in the complaint that the interests of the named plaintiffs are co-extensive with those of other riparian landowners included in the asserted class, much less with the persons who merely happened to use the creek. Nor have the named plaintiffs, in their complaint, shown that they adequately represent the class asserted.
The attempted showing that the class is sufficiently numerous to necessitate a class action is directed at a class consisting of both riparian landowners and incidental users; even if the trial court could "sever" the class (or if the petitioners had amended thus to restrict the class) and remove from it the incidental users of the creek, there would be no proper showing of the requisite numerousness of the class. Just as a court may not take judicial notice of the number of persons owning land bordering on a lake,[1] it may not take judicial notice of the number of persons owning property bordering on a creek. The complaint here not having met the requisites set forth in Port Royal, Inc. v. Conboy, supra, no class action was properly plead.
The dismissal of the class action did not justify the trial court in dismissing the complaint for failure to state an individual cause of action. Misjoinder of parties is not a ground for dismissal.[2] The fact that in Gordon Finance, Inc. v. Belzaguy, supra, an amended complaint had been filed in the trial court, while the petitioners here elected to stand on their complaint, will not serve to distinguish that case from the one before us today.
The courts of this state have said on numerous occasions that if a complaint, taken as a whole, states a cause of action, it should not be dismissed, but that extraneous portions of the complaint should be treated as surplusage. Balbontin v. Porias, 215 So.2d 732 (Fla. 1968); Moore v. Boyd, 62 So.2d 427 (Fla. 1952); Equitable Life Assurance Society v. Fuller, 275 So.2d 568 (Fla.App.3d 1973); Brown v. Ellingson, 224 So.2d 391 (Fla.App.2d 1969). In Balbontin v. Porias, supra, the suit was dismissed after the plaintiff failed to amend, as happened in the present case; in reversing the dismissal, we stated that the issue raised by a motion to dismiss is whether the complaint stated a cause of action, not whether there are deficiencies in the form of the complaint. In a similar vein, the court in Equitable Life Assurance Society v. Fuller, supra, in the course of reversing the denial of a motion to dismiss a class action suit, stated that a more appropriate motion would have been one to strike the portions of the complaint relating to a class action.
*295 Both petitioners and respondents extensively discuss the case of Gordon Finance, Inc. v. Belzaguy, supra. In that case, the plaintiffs sought to plead a class action, and the defendants moved to dismiss. After determining that a class action had not been properly plead, the court affirmed a denial of the motion to dismiss, reasoning that: (1) the defendants in moving to dismiss had urged that the plaintiffs be limited to individual relief, (2) an amended complaint (also asserting a class action) had been filed, and (3) misjoinder is not a ground for dismissal and a complaint stating a cause of action should not be dismissed merely because it was mistakenly brought as a class action suit. Although the first two of these reasons are not applicable sub judice, the third reason does apply and gives a sufficient basis to avoid a dismissal if an individual cause of action is stated. In dismissing the complaint solely on the basis that the requirements for pleading a class action had not been met, the trial court fell into error.
Respondents point out, however, that petitioners were given the opportunity to amend their complaint to state an individual cause of action, and failed to do so; accordingly, they say, we should not require the trial court to amend the complaint for petitioner when he elects not to do so himself. Perhaps petitioners were fearful of waiver by amending. Our frank view is that it would have been preferable for petitioners to amend their complaint to state a class action in one count and an individual cause of action in a separate count; their failure to do so, however, does not obviate the error of the trial court in ordering the dismissal, with prejudice, of the complaint, if an individual cause of action was stated. Rather, the trial court could have treated those allegations relating solely to a class action suit as having been stricken from the complaint by ordering dismissal of the complaint insofar as a class action was asserted; the extraneous language in the complaint could then be treated as surplusage and disregarded.
There remains only the question of whether the complaint did indeed state an individual cause of action. After examining the complaint in question we hold that it states a cause of action which is sufficient to withstand a motion to dismiss. Petitioners have asserted that they suffered specific items of damage proximately caused by the activities of respondents; that they were injured by respondents' violations of statutes, state and federal, and that their riparian rights have been adversely affected by respondents' acts. Although the asserted cause of action arising from violations of statutes is not obvious on the face of the complaint, it is an ultimate pleading which will support an individual cause of action. In addition, petitioners claim an injury to their riparian rights sufficient to support a claim for individual relief.
Where a landowner's common-law riparian rights are violated by the acts of another individual, he is not limited to seeking relief from public authorities, but may bring action on his own behalf. Brown v. Ellingson, supra; Duval v. Thomas, 107 So.2d 148 (Fla.App.2d 1958). To hold otherwise would be to place the riparian rights of a landowner at the mercy of public officials who might not have the same degree of interest in his rights as he does himself, and to forbid him to challenge in court a deprivation of his property.
Accordingly, we concur that the complaint did not meet the requirements for pleading a class action, but hold that the complaint did properly state a cause of action for individual relief, and that the trial court erred in dismissing the complaint for failure to state a cause of action.
The writ sought will issue, quashing that part of the decision of the First District Court of Appeal which affirms the dismissal for failure to state an individual cause of action, and the cause will be remanded to the Circuit Court in and for Duval *296 County, Florida, for further proceedings not inconsistent with this opinion.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD and McCAIN, JJ., concur.
NOTES
[1] Brown v. Ellingson, 224 So.2d 391 (Fla.App.2d 1969).
[2] Rule 1.250, RCP 30 F.S.A.