287 So.2d 296 (1973)
Neal D. EVANS, Jr., et al., Petitioners,
v.
ST. REGIS PAPER COMPANY, a Corporation et al., Respondents.
No. 43981.
Supreme Court of Florida.
December 5, 1973.
Rehearing Denied January 23, 1974.
Neal D. Evans, Jr., of Evans, Stewart, Perry & Stelogeannis, Jacksonville, for petitioners.
Reinstine, Reinstine & Panken, and Bedell, Bedell, Dittmar, Smith & Zehmer; Kent, Durden & Kent; Marks, Gray, Conroy & Gibbs; Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb; Freeman, Richardson, Watson, Slade, McCarthy & Kelly; MacLean & Brooke, Wm. Joe Sears; Jennings, Watts, Clarke, Hamilton & Corrigan; Mahoney, Hadlow, Chambers & Adams; Boyd, Jenerette, Leemis & Staas; Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes; Milam, Martin & Ade; Ulmer, Murchison, Ashby & Ball, Jacksonville; Goldstein, Franklin & Schrank, North Miami Beach; David C. Goodman and Earle C. Moss, Jr., Jacksonville, for respondents.
*297 DEKLE, Justice.
Petitioners attempted to institute a class action on behalf of all property owners in Duval County against respondents, twenty private companies and three municipalities, seeking money damages for the pollution of the St. John's River. The trial court dismissed the action as to Palatka and Green Cove Springs for lack of proper venue, and dismissed the action as to the remainder of the defendants for failure to state a cause of action, allowing plaintiffs 20 days to file an amended complaint on their own behalves, and not as a class action. Petitioners chose not to amend the complaint, and the cause was dismissed. The District Court affirmed, per curiam, on the authority of its Harrell v. Hess Oil and Chemical Corp., 272 So.2d 542 (Fla. App.1st 1973), cert. granted 287 So.2d 291 (Fla. 1973).
Conflict exists between the decision of the 1st DCA in the instant action reported at 277 So.2d 319 (Fla.App.1st 1973), and the decisions of Balbontin v. Porias, 215 So.2d 732 (Fla. 1968), and Gordon Finance, Inc. v. Belzaguy, 216 So.2d 240 (Fla.App.3d 1968). We have jurisdiction pursuant to Art. V, § 3(b)(3), F.S.A., Fla. Const.
The trial court specifically found that the complaint here failed to allege the existence of a concert of action among the named defendants which would justify their joinder as joint tortfeasors. In great detail, the trial court also found that the factual considerations of the case would preclude a class action. We agree with the trial court that no class action was properly plead in this cause. See Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla. App.2d 1963), for requisites of pleading a class action suit. However, we have determined in Harrell v. Hess Oil and Chemical Corp., 287 So.2d 291 (Fla. 1973), filed this day, that a complaint seeking to plead a class action is not properly subject to dismissal for failure to state a cause of action if it in fact states a valid individual cause of action, even though the named plaintiffs fail to amend their complaint, so as to eliminate class action allegations, upon leave given. In the instant cause, it appears that the complaint was dismissed because it did not properly state a class action, but that the trial court did not reach the question of whether a valid individual cause of action had been asserted.
We note, however, that neither the trial court nor the District Court of Appeal had the benefit of our decision in Hess Oil when they considered the present cause. Accordingly, this cause is remanded to the Circuit Court of Duval County for reconsideration in light of our opinion in Harrell v. Hess Oil and Chemical Corp., 287 So.2d 291 (Fla. 1973), filed this day.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD and McCAIN, JJ., concur.