344 So.2d 299 (1977)
PARADISE SHORES APARTMENTS, INC., etc., et al., Appellants,
v.
PRACTICAL MAINTENANCE CO., INC., a Florida Corporation, Appellee.
No. 76-72.
District Court of Appeal of Florida, Second District.
April 6, 1977.
*300 Leslie D. Franklin, St. Petersburg, for appellants.
Howard P. Ross, Battaglia, Ross & Stolba, St. Petersburg, for appellee.
HOBSON, Judge.
In this interlocutory appeal defendants/appellants attack the order of the lower court denying their seven motions to dismiss, the object of which was, inter alia, to assail the maintenance of this cause as a class action. We think the trial court erred in holding the allegations of the complaint made out a defendant's class and reverse.
Plaintiff, Practical Maintenance, had a maintenance agreement with defendant, Paradise Shores Apartments, a non-profit association whose membership, according to the complaint below, consists of all condominium owners in the complex. This contract, entered into in November of 1970, allegedly benefitted all the remaining defendants, named and unnamed in the instant case. The remaining named defendants, some seventeen directors of the defendant Paradise Shores Association, represent each of the buildings in the complex (13) with four-at-large directors. The complex contains some 325 units.
It was alleged that on April 30, 1975, seventy-five percent (75%) of the members of the association voted to break the maintenance contract with the plaintiff. It was further alleged that thereafter members of the association, unit owners, failed to make payments required by contract. Subsequently, on June 13, 1975, Practical Maintenance filed the instant case in four counts including ten points alleging maintenance of this cause as a class action against defendants. Count I of the complaint sought damages of $100,000 for breach of the maintenance contract. Count II sought *301 compensatory damages in the same amount for interference with contractual relation. Counts III and IV were directed at granting equitable relief by way of specific performance and injunction. Since maintenance of this cause as to the latter two counts is dependent upon resolution of the class action issue, we need not reach the allegations under those counts.[1]
On July 7, 1975 defendants responded by filing seven (7) motions, primarily attacking the propriety of plaintiff bringing its action as a class action. Following oral argument and review of memoranda submitted by the parties, the judge below entered his order denying the motions to dismiss and found the complaint stated a cause of action against both defendant entities.
With respect to Count II, alleging interference with contractual relation, we hold that no cause of action could be maintained under this theory. Although questions exist as to whether defendants as a purported class were obligated under the maintenance contract, plaintiff's allegations in its complaint demonstrate that any actions by members of the alleged class were in the name of and intertwined with that of the defendant association. In fact, plaintiff stated in part in paragraph 2 of its complaint,
"Defendant, PARADISE SHORES APARTMENTS, INC., is a Florida non-profit corporation whose membership is limited to and presently comprised of all of the owners of condominium units at Paradise Shores Apartments, Inc. ... ." (emphasis supplied)
Such a statement, together with all the information contained in the record, strongly suggests, for purposes of Count II, that the association and the purported class of all condominium owners have the same identity. Because courts in this state recognize a cause of action for interference of contractual relation only where the interference is caused by a third party, this count is dismissed with prejudice as to defendants herein. Days v. Florida East Coast Railway Company, 165 So.2d 434 (Fla.3d DCA 1964); Roberts Co., Inc. v. P.B.O. Ltd., 322 So.2d 633 (Fla.3d DCA 1975).
As to maintenance of a class action on the alleged breach of contract, we think that plaintiff's complaint, memoranda, and briefs facially set out all the necessary elements required under the statute and pertinent case law. However, certain inconsistencies in the complaint and record show that questions as to the certainty of the class and coextensiveness of interest among the purported class defendants and their representatives still remain. We would note at the beginning that the relief accorded plaintiff in defendants class actions is often disparate as opposed to that which generally accrues in plaintiff-initiated actions. Paulino v. Hardister, 306 So.2d 125 (Fla.2d DCA 1975). Therefore, a careful inquiry into the seven prerequisites for maintenance of a class action[2] can be more onerous than those situations involving *302 plaintiffs classes. Cf. City of Lakeland v. Chase National Co., 159 Fla. 783, 32 So.2d 833 (1947). Here review of the record reveals several procedural flaws which could bar maintenance of this cause as a class action.
Patently obvious from the allegations in Count I is the assertion that defendants breached the contract by voting out the maintenance contract by a vote of seventy-five percent (75%) of the members of the defendant association. In addition, paragraphs two and three of that part of the complaint designated "Class Action Allegations," allege in substance that the defendant association is comprised of all owners in the complex and that the individuals designated as class representatives represent all owners in the complex. Without more, the record is deficient in that nowhere in the order appealed from or in the pleadings and briefs is there any indication that the judge below made a proper determination of the class "with some degree of certainty." Harrell v. Hess Oil and Chemical Corp., 287 So.2d 291 (Fla. 1973). Plaintiff did assert that this certainty requirement was met by the allegation in the complaint that some 325 units are involved. However, where other parts of the complaint and record show that only three-quarters of the purported class voted to terminate the contract, then it was improper to allow the class action to proceed without efforts to ascertain the definable group of defendants.
Failure to identify the purported class with some certainty also raises further procedural questions in allowing this cause to proceed as a class action. First, defendants assert that the class representatives may or may not adequately represent their positions in that some directors may or may not have equity in their particular units which is subject to judgment and lien. Thus, defendants posit, the directors without such interests will be less than zealous in defending such actions. We disagree. There is no evidence in the record before us to suggest that with or without equity in their units these directors, representatives of each building in the complex, with four members elected at large, will be anything but diligent in their defense of this action. In fact, there is no evidence whatsoever as to that portion of the units owned by the directors which would be considered as subject to lien in the event a judgment adverse is rendered against these officers.
A second, more troublesome, question involves mixed questions of procedural and substantive law with respect to the coextensiveness of interests of the members of the purported class. The substantive problem, which the court below has not yet passed upon, involves the binding effect, if any, on the purported class of the maintenance contract entered into between the plaintiff and defendant association in 1970. Specifically, Practical Maintenance maintains that this contract binds all unit owners in the complex because paragraph 10 of the Declaration of Condominium provides, in part,
"10. Maintenance Agreement  Paradise Shores Apartments, Inc., the condominium association, has entered into an agreement with Practical Maintenance Co., Inc., ... Each unit owner, his heirs, successors and assigns, shall be bound by said maintenance agreement to the same extent and effect as it [sic] he had executed said agreement... ."
Although it appears that this provision would bind all unit owners at Paradise Shores, and while plaintiff alleged that it did so, we decline to pass on its obligatory effect in light of the lack of certainty and demonstrated coextensiveness between members of the purported class. Defendants contend that since some unit owners purchased their condominiums from the developer and others acquired their interest by resale, a lack of coextensiveness is apparent. Defendants also posit that because the damages sought here will be personal, coextensiveness is lacking. We disagree with both contentions. After a determination of the proper class, the issue of the binding effect of the maintenance contract *303 will be in order.[3] We note that the complaint on the issue of the substantive binding effect of the maintenance agreement was sufficient to withstand the motion to dismiss. The only error in denying the motion to dismiss was with respect to whom the complaint should be directed.
On remand the trial judge should hold a hearing in which he can determine whether or not the procedural defects noted herein will bar maintenance of this cause as a class action. Cf. Paulino v. Hardister, 306 So.2d 125 (Fla.2d DCA 1975). This hearing should be aimed initially at determining whether a definable class or classes exist with respect to the alleged breach of contract. Although the complaint did allege the existence of a class, it did not do so with some degree of certainty. Harrell, supra. Numerosity alone does not create the existence of a class. 3B Moore's Federal Practice ¶ 23.04.
The judge should also satisfy himself that members of this class or classes have in fact failed to pay the assessed maintenance fees for the time periods covered by the complaint. Moreover, a determination as to the existence of sub-classes may be in order if the judge finds that purchasers from the original developers have different rights, liabilities, and defenses than those unit owners who acquired their interests from resale. See generally Fed.R.Civ.P. 23(c)(4); 3B Moore's Federal Practice ¶ 23.65. It may be that he will have to make a preliminary finding as to the binding nature of the maintenance contract as it is incorporated into the condominium documents.[4] Such a finding, however, should be limited to ascertaining the definable class.
If the judge decides that a definable class or classes exists with some certainty, he should go further to find that the named representatives of the class have an interest which is coextensive with that of the unnamed members. Again, this finding may depend upon a preliminary analysis of the maintenance contract and condominium documents. If the documents bind all without regard to how the condominium was acquired then all unit owners, who have failed to pay, will be adequately represented by the named class representatives who are similarly obligated. However, if the court finds that some named representatives have interests similar to those unit owners who have paid, if any, then those named representatives surely lack the requisite community of interest with the unit owners who have defaulted.
In summary, we think the allegations of the complaint state a cause of action against the association. However, the complaint and record in this cause are deficient in that a possibility exists for joining in this suit all unit owners of the Paradise Shores complex as a defendant class where the complaint and record does not show whether or not the remaining 25%, or any of them, have paid under the contract. The obvious nature of this procedural inconsistency also affects the prerequisites of the coextensiveness of interest and adequacy of representation by the named representatives to the unnamed members of the class. Nevertheless, the complaint may be sufficient on its face to state a substantive cause of action against the class. It should be emphasized that the motion to dismiss in the instant case is not a typical motion to dismiss. The motion to dismiss in the case sub judice attacks the class allegations. Since the motion is unique in that sense, as opposed to attacking the cause of action itself, we think, on remand, that appellees should be afforded the right to file an amended complaint setting forth with greater specificity allegations which show in more detail those members of the purported class who have not paid. Following submission of this amended complaint we feel it is incumbent on the trial judge in these types of situations to evaluate the class allegations in a proper proceeding. *304 By so doing the trial judge will avoid the absurd result of waiting until after a motion to dismiss, answer, or possibly even trial, to evaluate the proper class.
Accordingly, this case is remanded for a determination as to whether the suit can properly proceed as a class action. In determining whether the class action may proceed, the trial court must not only confirm that the parties named actually represent the class or classes but must clearly demonstrate that the class encompasses the necessary community of interest. Federated Department Stores, Inc. v. Pasco, 275 So.2d 46 (Fla.3d DCA 1973); Costin v. Hargraves, 283 So.2d 375 (Fla.1st DCA 1973). The proceeding should also conform to the standards enunciated by this court in Paulino, supra, with respect to notice.
REVERSED and REMANDED.
BOARDMAN, C.J., and GRIMES, J., concur.
NOTES
[1] Count III, seeking specific performance of the maintenance contract, and Count IV, requesting mandatory and prohibitory injunctive relief are supported by reallegations of the same factors found in Counts I and II. No new basis of liability is alleged. Both plaintiff and defendants concede that determination of the points in Counts III and IV will be disposed of by this court's ruling on the class-action question as it relates to Counts I and II.
[2] In Harrell v. Hess Oil and Chemical Corp., 287 So.2d 291 (Fla. 1973) the Supreme Court enumerated the following prerequisites which a complaint in a class action must contain to withstand a motion to dismiss:

(1) Show the necessity for bringing the action as a class suit;
(2) Show plaintiff's right to represent the class;
(3) Allege that plaintiff brought suit on behalf of himself and all others similarly situated;
(4) Allege the existence of a class, described with some degree of certainty;
(5) Allege that the members of the class were so numerous as to make it impracticable to bring them all before the court;
(6) Make it clear that plaintiff adequately represents the class; and
(7) Show that the interests of the plaintiff were coextensive with the interests of the other members of the class.
287 So.2d at 293-94.
[3] This does not preclude the court from weighing the binding effect of the maintenance contract as referred to in the Declaration of Condominium in its assessment of the prospective class, i.e., to find a common liability on the part of all unit owners who have not paid.
[4] Id.