PER CURIAM.
This is a petition for common law writ of certiorari from an order denying petitioner’s “Motion to Determine Authority of Attorney to Represent Alleged Class.”
Petitioner is the developer of a condominium project in Volusia County. He is defendant in a class action suit brought by the condominium association and its board of directors, both individually and as representatives of the remaining unit owners. Petitioner argues that there is no attorney-client relationship where only 20 out of 100 unit owners have actively supported this suit.
This, however, is the very purpose of class action litigation — the prosecution or defense by one or more for the whole. Fla.R.Civ.P. 1.220. The real question of the authority of the class attorney is answered by considering the prerequisites which a complaint in a class action must contain in order to withstand a motion to dismiss. Harrell v. Hess Oil and Chemical Corp., 287 So.2d 291 (Fla.1973); Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1976). The denial of petitioner’s motion to dismiss, is not and should not be before this court at this stage of the proceeding. Dairyland Insurance Company v. McKenzie, 251 So.2d 887 (Fla. 1st DCA 1971).
The petition for writ of certiorari is DENIED.
BOYER, C. J., and MILLS and ERVIN, JJ., concur.