WARNER, Judge.
The appellant doctor sued the appellees, the hospital where he had medical privileges and its administrator, for their reduction of his staff privileges. The complaint alleged three causes of action: breach of contract, intentional interference with a prospective business relationship, and violation of the appellant’s rights in the termination of staff privileges. Before answering the complaint, the administrator moved for summary judgment, claiming that he was not a party to the contract, that there was no cause of action for intentional interference, and further that he could not be sued for violation of the appellant’s rights in the termination of his privileges. We hold that the trial court erred in granting summary judgment on the complaint without granting leave to amend, because the motion for summary judgment in essence was a motion to dismiss for failure to state a cause of action.
The complaint did not state a cause of action against the administrator for intentional interference with a prospective business advantage, because a doctor who is denied staff privileges must show that the defendants actually interfered with a particular doctor/doctor or doctor/patient relationship. See Lake Hospital and Clinic, Inc. v. Silversmith, 551 So.2d 538 (Fla. 4th DCA 1989). The complaint did not allege interference with a specific relationship. Nevertheless, the appellant requested leave to amend, and there is nothing in the record to show that the appellant could not amend his complaint to state a cause of action. Where a summary judgment is in essence a substitute for a motion to dismiss for failure to state a cause of action, leave to amend should be granted unless it is clear that no viable cause of action can be stated.
Similarly, the court should not have granted summary judgment without leave to amend the complaint on the appellant’s cause of action for wrongful termination of staff privileges. In order for the appellant to sue the appellee on this count, he must allege fraud. See § 395.0115(5), Fla.Stat. (1991).[1] While fraud was not alleged with specificity, see Florida Rule of Civil Procedure 1.120(b), the appellant should be entitled to a chance *1387 to allege fraud which would satisfy the statutory threshold.
This summary judgment was granted early in the progress of the ease. As stated previously, it served more as a motion to dismiss for failure to state a cause of action than a judgment on the merits of the ease. While two other complaints were dismissed, neither alleged intentional fraud on the part of the administrator, and the motions to dismiss were directed to other issues. Discovery was ongoing and outstanding as of the hearing on summary judgment. Despite the inadequacy of the pleadings, we cannot conclude from the record that the appellant cannot state a viable cause of action, and he requested leave to do so. For these reasons, the trial court should have granted leave to amend the complaint when it determined that the complaint did not state a cause of action and granted summary judgment.
We affirm, however, the summary judgment on the breach of contract count because we cannot discern how this count could be amended to state a cause of action when the administrator was not a party to the contract.
Reversed and remanded for leave of the appellant to file an amended complaint.
GLICKSTEIN and KLEIN, JJ., concur.

. Section 395.0115, Florida Statutes (1991), has been amended and renumbered as section 395.0193, Florida Statutes (1993). Ch. 92-289, § 12, at 2236, Laws of Fla.