FARMER, J.,
dissenting.
The trial court granted a summary judgment dismissing counts I, III, and IV of the complaint, which embraced all of plaintiffs claims against the City of Delray Beach. Essentially the judgment was predicated not on evidence but on pleading grounds, that plaintiffs complaint as phrased did not sufficiently state a cause of action against the city.[1] I believe the court erred and would reverse.
Plaintiff is a licensed private investigator who operates her business from an office within the city. She employed one Nancy Adams as her own employee in that office. Her complaint against the city and several of its police officers alleges that these defendants enlisted Adams to furnish them with confidential information and documents from private files maintained by plaintiff in her office. The complaint sets out this essential ultimate fact in several paragraphs of evidentiary facts.
The causes of action sought to be pleaded in counts I, III and IV are fraud, breach of fiduciary duty and intentional interference with business relationships. The theory behind each of these counts is that the city conspired with Adams in committing the fraud, the breach of fiduciary duty, and the intentional interference with business relationships. Because all three of these causes of action are well recognized in Florida, as is civil liability for conspiracy to commit these torts, I will skip the formal citations of authority and turn instead directly to the nub of the problem in entering the summary judgment.
In one of the paragraphs alleging evi-dentiary facts (¶ 14),[2] plaintiff has referred to Adams as the “agent” of the defendants. In another (¶ 20),[3] she has said that Adams was an “employee” of the defendants. And in still another (¶ 29),[4] she has said that the city is liable for the actions of all under the doctrine of respondeat superior. At the urging of the moving party, the trial judge read these allegations to make Adams an employee of the city. Referring to the well known principle that a conspiracy requires at least two persons and its corollary that a corporate entity cannot conspire through the acts of its own employees, the court concluded that the corruption of plaintiffs employee by the city made that employee equally the “agent” or *1245 “employee” of the city, thus defeating any possible allegation of conspiracy against the city.
With all due respect to the legal minds who conceived this argument, I cannot agree with it. If it were applied generally to all conspiracy claims against corporate bodies, it would ultimately mean that there could never be a civil conspiracy claim against any corporate entity. For, by the very act of making another’s employee an instrument of actionable misconduct, the corporate body has thus made that person its own agent and has thereby avoided all conspirator liability! This would have to rank as one of the more absurd legal “gotchas” in my memory. We should label it “Catch-23” so that it can take its rightful place in line behind its numerical predecessor, “Catch-22.” For, just as a claim to be crazy means that you really are sane (if you know you’re crazy you must actually be sane), so also that charging a corporate body with conspiracy by corrupting your employee means that the corporation did not conspire with anyone at all (because when the corporation corrupted your employee it made the employee its own). I simply refuse to subscribe to this ludicrous idea.
To my mind the real question raised by this appeal lies in the failure of plaintiffs counsel to ask the trial court for permission to delete these allegations and consider the complaint without them. Moreover, counsel did not ask in appellant’s briefs or, indeed, in oral argument for such relief. The absence of such a request must unavoidably mean that plaintiff believes that the complaint as drafted sufficiently states a cause of action against the city for conspiracy to commit fraud, breach of fiduciary duty and intentional interference with business relationships. I am therefore forced to consider the sufficiency of the complaint as it now stands and without explicit deletion or amendment.
Turning therefore to the sufficiency of the complaint, I start with some shopworn rules. The first command is that “[a]ll pleadings shall be construed so as to do substantial justice.” Rule 1.110(g), Fla. R.Civ.P. The civil rules require only that a pleader state “ultimate facts showing that [she] is entitled to relief.” Rule 1.110(b)(2), Fla.R.Civ.P. With the adoption of our modern rules of procedure, the pleading of claims for relief is no longer considered with the kind of formalistic scrutiny once used under the common law or Field Codes — with all of the ritualistic legalisms and technical snares. Moreover, when a motion for summary judgment is in essence a substitute for a motion to dismiss for failure to state a cause of action, the motion should be considered procedurally like a motion to dismiss. Brumer v. HCA Health Services of Florida Inc., 662 So.2d 1385, 1386 (Fla. 4th DCA 1995) (“Where a summary judgment is in essence a substitute for a motion to dismiss for failure to state a cause of action, leave to amend should be granted unless it is clear that no viable cause of action can be stated.”).[5]
It is now rudimentary that complaints may not be dismissed for failure to state a cause of action unless the moving party can establish beyond any doubt that the claimant could prove no set of facts whatever in support of his claim. Greenfield v. Manor Care Inc., 705 So.2d 926 (Fla. 4th DCA 1997) (“it is important to remember that, at this point in the proceedings, we do not consider the ultimate merits of appellant’s claim, but merely whether she can plead it. Complaints should not be dismissed for failure to state a cause of action unless the movant can establish beyond any doubt that the claimant could prove no set of facts whatever in support of his claim.”); Hillman Constr. Corp. v. *1246 Wainer, 636 So.2d 576, 577 (Fla. 4th DCA 1994) (same); Orlovsky v. Solid Surf Inc., 405 So.2d 1363 (Fla. 4th DCA 1981) (motion to dismiss should not be granted if pleader sets forth facts upon which relief can be granted on any theory); Martin v. Highway Equipment Supply Co., 172 So.2d 246, 248 (Fla. 2d DCA 1965) (“a claim should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.”).
Even more pertinent to this case, the supreme court has made clear in Harrell v. Hess Oil & Chemical Corp., 287 So.2d 291, 294 (Fla.1973), that:
“The courts of this state have said on numerous occasions that if a complaint, taken as a whole, states a cause of action, it should not be dismissed, but that extraneous portions of the complaint should be treated as surplusage. [TJhe issue raised by a motion to dismiss is whether the complaint stated a cause of action, not whether there are deficiencies in the form of the complaint.” [c.o., emphasis supplied]
287 So.2d at 294. Under Harrell, therefore, we are required to test plaintiffs complaint not by whether there are deficiencies in the phraseology of the essential allegations of ultimate fact but instead by whether it states a cause of action. Also under Harrell, we are permitted as an appellate court to disregard allegations that are surplusage. I take an allegation to be surplusage when it is not an element of a recognized cause of action that the plaintiff has obviously attempted to plead.
As rule 1.110 also indicates, an allegation of a legal conclusion, as opposed to an allegation of ultimate facts, is not an essential part of showing that the pleader is entitled to relief. The pleading of legal conclusions is thus unnecessary and, by itself, even insufficient. See Clark v. Boeing Co., 395 So.2d 1226 (Fla. 3d DCA 1981); and Maiden v. Carter, 234 So.2d 168, 170 (Fla. 1st DCA 1970) (“It is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be granted.”). Consequently legal conclusions in a pleading are not deemed admitted for purposes of determining a motion that attacks the legal sufficiency of a pleading. Paradise Pools Inc. v. Genauer, 104 So.2d 860 (Fla. 3d DCA 1958). If the ultimate facts actually alleged entitle the pleader to relief, then the legal conclusion will follow upon proof of the ultimate facts. See Kislak v. Kreedian, 95 So.2d 510, 514 (Fla.1957) (“While the Rules of Civil Procedure provide that the complaint shall be sufficient if it informs the defendant of the nature of the cause against him, the complaint must sufficiently allege the ultimate facts which, if established by competent evidence, would support a decree granting the relief sought under law.”); Naples Builders Supply v. Clutter Const. Corp., 152 So.2d 478, 479 (Fla. 3rd DCA 1963). The sufficiency of a complaint therefore turns on the ultimate facts actually pleaded. If legal conclusions are unnecessary and ineffective to state a cause of action then they must be surplusage.
From the entire complaint taken as a whole, plaintiff obviously did not intend to suggest that by conspiring with her employee the city thereby made the employee its own for purposes of the rule that a corporation cannot conspire with itself. Clearly, her intended purpose was to allege that by engaging the employee’s assistance to purloin her confidential files and information, the city acted in concert with her employee — not that the city actually hired the employee as its own. While two (or more) people could conceivably work together within a conspiracy under the guise of principal and agent or master *1247 and servant, the essence of the relationship between the two conspirators is really that of co-venturers. If the city is really proven to have been one of those co-ven-turers then the nature of its liability is not that of respondeat superior but of direct liability for its own conduct — i.e. for planning and undertaking conduct with another person to commit a civil wrong on the plaintiff.
I have therefore disregarded the allegations of agency and respondeat superior as surplusage because they are legal conclusions. That leaves only the allegation that Adams is an “employee” of the city. One cannot seriously conclude that plaintiff has attempted to allege that, in corrupting her own staff person, the city thereby conspired with one of the city’s employees to misappropriate her confidential information. The many evidentiary allegations in the complaint make it abundantly clear that plaintiff actually contends that the city enlisted one of her employees to do its dirty work.[6] Hence construing the complaint to do substantial justice as required by rule 1.110(g), I conclude that the “employee” allegation is inherently inconsistent with the body of facts alleged in the complaint. Thus it is simply a drafting mistake on the part of the pleader. To deem this eccentric allegation as an internal self-destruct of plaintiffs entire case against the city is to construe it to do a substantial injustice.
Therefore, disregarding the parts of paragraphs 14, 20 and 29 seized upon by the city in its argument for dismissal, plaintiff has clearly alleged in counts I, III and IV of her complaint that the city planned and undertook with one her employees to take confidential information and documents from her private files and use such information and documents for its own purposes, causing damage to her. Whether she can prove these allegations is not for us to say at this point.
I think we should reverse.

. On appeal the city also asks us to affirm the summary judgment on the theory of governmental immunity under section 768.28. I am satisfied, however, that the trial court’s decision was based only on pleading deficiencies and not on immunity.

. "14. Commencing on or about May 17, 1989, and continuing until on or about August 15, 1989, or such later date at this time unknown to Plaintiff, Defendant, MUSCO, with the knowledge and approval of and at the direction of Defendants, KILGORE, COLE, and LINCOLN, intentionally enlisted the aid and cooperation of Defendant, ADAMS, as an agent of the Defendants to infiltrate the headquarters and offices of Plaintiff....”

. "20. At no time between May 24, 1989 and August 12, 1989, did ADAMS, KILGORE, COLE, MUSCO, or LINCOLN inform SNYDER or SNYDER, INC. that ADAMS was actually working for Defendants or Defendant DELRAY BEACH . . . "

. “29. DELRAY BEACH is liable for the actions of KILGORE, LINCOLN, COLE, MUSCO, and ADAMS complained of herein under the doctrine of respondeat superior.”

. Under Brumer I note that even though the legal sufficiency issue was raised in a motion for summary judgment nevertheless dismissal with prejudice would ordinarily not be permissible if any deficiency could be cured by repleading or amendment.

. I hasten to make clear that at this stage these are only allegations that remain to be proved.