355 So.2d 479 (1978)
Joe W. CORDELL, George S. Taff, and Hugh E. Williams, Jr., Appellants,
v.
WORLD INSURANCE COMPANY, Appellee.
Nos. GG-398, GG-399.
District Court of Appeal of Florida, First District.
February 24, 1978.
Robert M. Ervin and Dean Bunch, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellants.
J. Marshall Conrad, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
BOYER, Judge.
This is the second appearance of these consolidated appeals before this court. (See Cordell v. World Insurance Company, 352 So.2d 108 (Fla. 1st DCA 1977)) The primary issue now presented for our determination is whether or not the order here appealed was prematurely entered. We hold that it was.
Appellants, who were plaintiffs in the trial court, filed a class action seeking, inter alia, a declaratory judgment. The complaint alleges that the plaintiffs are holders of insurance policies for business and professional income protection. The policy in question provides that the insurer (defendant in the trial court and appellee here) may decline to renew the policy for nonpayment of the premium; if the insured ceases to be a member of the named profession; or "if all renewals are declined on all policies of this series which have been issued to those in the profession or occupation named in the policy schedule in the state of residence of the insured". The insurer notified the individual plaintiffs by letter that it had declined "to renew all like policies". The complaint further alleges that the insurer did not comply with the non-renewal *480 term of the policy in that it refused to renew only a portion of those policies specified. Plaintiffs claim to be in doubt as to the meaning of the term "this series" as contained in the reservation of right of non-renewal and which is not defined in the policy. The class is defined in the complaint as being all insureds of similar policies issued by defendant who had had their policies wrongfully canceled. Discovery in the form of interrogatories was commenced for the purpose of determining, inter alia, the meaning of the term "this series" and the identity of other policy holders. The defendant filed a motion to dismiss which the trial court granted, as to class action status, allowing the individual plaintiffs an opportunity to amend. The order of dismissal was entered prior to the expiration of the time for the answering of the interrogatories and prior to the answers having been filed.
Fla.R.Civ.P. 1.220 provides:
"When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole."
The purpose of class actions was succinctly summarized by the late Justice Glenn Terrell of the Supreme Court of Florida in Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (Fla. 1942), wherein he stated:
"The very purpose of a class suit is to save a multiplicity of suits, to reduce the expense of litigation, to make legal processes more effective and expeditious, and to make available a remedy that would not otherwise exist. The Chancellor had jurisdiction of the parties to the cause and the subject matter of the litigation. When this is the case, those of the class for whose benefit the suit is brought are in effect parties plaintiff. Wheelock v. First Presbyterian Church of Los Angeles, 119 Cal. 477, 51 P. 841; Whiting v. Elmira Industrial Ass'n, 45 App.Div. 349, 61 N.Y.S. 27. If this is not the case and the subject matter of the litigation cannot be held to respond to its necessary cost, then the advantage to be derived from a class suit is nullified. To have required 232 separate suits here would have been prohibitive and ridiculous and would have deprived many of a remedy." (11 So.2d at 189)
The Supreme Court of Florida, citing Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla. 2nd DCA 1963), has also succinctly summarized the requisites of a class action, saying:
"The standards which must be met in order properly to plead a class action have been stated many times, but are perhaps set out best in Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla.App.2d 1963). As noted there, a complaint in a class action suit must:
(1) show the necessity for bringing the action as a class suit;
(2) show plaintiff's right to represent the class;
(3) allege that plaintiff brought suit on behalf of himself and all others similarly situated;
(4) allege the existence of a class, described with some degree of certainty;
(5) allege that the members of the class were so numerous as to make it impracticable to bring them all before the court;
(6) make it clear that plaintiff adequately represents the class; and
(7) show that the interests of the plaintiff were co-extensive with the interests of the other members of the class." (Harrell v. Hess Oil and Chemical Corporation, 287 So.2d 291, 293-294 (Fla. 1973).
Appellee relies heavily upon another opinion from the Supreme Court of Florida, Osceola Groves v. Wiley, 78 So.2d 700 (Fla. 1955). However the holding of that case has been severely restricted by a subsequent decision of the same court, Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1976) wherein the Supreme Court said:
"* * * Since the complaint in the instant case does not allege fraud, we have no occasion to consider the desirability of continued adherence to the fraud class action adopted in Osceola Groves, supra. "We must examine, however, the misapplication of the Osceola Groves fraud rule *481 by the district courts to class actions wherein fraud has not been alleged since as noted above it was not our intent that the Osceola Groves `fraud rule' be given general application to class actions, * *" (340 So.2d at page 468)
Osceola Groves v. Wiley is distinguishable on yet another ground: In that opinion the late Justice Harris Drew, speaking for the court, explained that one of the reasons for their holding a class action inappropriate was that "it does not appear that in these contracts was any provision showing a cooperative enterprise or any showing that any purchaser had a pecuniary interest in any development of lands other than those covered by his own contract * * *" (78 So.2d at page 702). It is clear, on the other hand, that in the case sub judice the rights of mandatory renewal of the several insureds are dependent upon the renewal of other policies in the same "series". The rights of the policy holders are therefore, unlike the rights involved in the Osceola case, intertwined. Clearly, the insurer has reserved the right to refuse to renew all policies of the same series issued to those in the profession or occupation named in the policy schedule in the state of residence of the insured.
A declaratory judgment may properly be sought in a class action. (Frankel v. City of Miami Beach, supra)
As also stated by the Supreme Court in Frankel v. City of Miami Beach, supra:
"* * * In the average class action the information needed to satisfy the requirements of the rule as enunciated in Harrell, supra, at 293-94, can only be obtained through discovery. Consequently, trial courts should reserve ruling on a motion to dismiss until the party seeking to represent or maintain an action against a class has had the opportunity to employ sufficient discovery to ascertain the necessary information that must be plead. Thus, the rules of civil procedure must be liberally construed in permitting the amendment of pleadings.
* * * * * *
"The Third District in affirming the trial court's dismissal also cited Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In Eisen, supra, 94 S.Ct. at 2151, the Supreme Court held that procedural due process in class actions requires that
`... individual notice must be provided to those class members who are identifiable through reasonable effort.'
"Applying the Eisen due process rule to the instant case, we find that the class Frankel seeks to represent is readily identifiable through reasonable effort. The members of the plaintiff class may be ascertained through discovery. As an example only, individual notice given to the class members by a notice inserted in the defendant's regular monthly billing to its water users might be found to be adequate. Once notice to the class members has been effected, the Eisen mandate will be satisfied." (340 So.2d at pages 469-470)
Further following the example set by the Supreme Court of Florida in the Frankel case, we do not here determine whether or not the complaint sub judice properly alleged a class action, nor do we determine whether or not plaintiffs will ultimately be able to do so. We only hold that neither the plaintiffs, the trial court nor this court have, at this stage of the proceedings, sufficient information to make that determination and that the learned trial judge prematurely dismissed the class action with prejudice. As above quoted from the Frankel case, "trial courts should reserve ruling on a motion to dismiss until the party seeking to represent or maintain an action against a class has had the opportunity to employ sufficient discovery to ascertain the necessary information that must be plead."
Our holding, as above recited, renders it unnecessary for us to further discuss the other points presented in the briefs.
Reversed and remanded for further proceedings consistent herewith.
McCORD, C.J. and MASON, ERNEST E., Associate Judge, concur.