358 So.2d 223 (1978)
Joe W. CORDELL, George S. Taff and Hugh E. Williams, Jr. Appellants,
v.
WORLD INSURANCE COMPANY, Appellee.
No. HH-427.
District Court of Appeal of Florida, First District.
April 25, 1978.
Rehearing Denied May 25, 1978.
Robert M. Ervin and Dean Bunch, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellants.
*224 J. Marshall Conrad, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
BOYER, Judge.
This is the third time this case has been before this court. (See Cordell v. World Insurance Co., 352 So.2d 108 (Fla. 1st DCA 1977) and Cordell v. World Insurance Co., 355 So.2d 479 (Fla. 1st DCA 1978), Opinion Filed February 24, 1978.) Appellants' complaint sought damages in one count and recision in another. At the instance of appellee (defendant in the trial court) the learned trial judge entered an order prior to the filing by the defendant of any answer, requiring appellants (plaintiffs in the trial court) to elect which remedy they would pursue, the pertinent provision of the order being as follows:
"Plaintiffs are ordered to elect between the remedy of damages as set forth in Count II of the complaint and the remedy of recision as set forth in Count III of the complaint. To effect this election, plaintiffs are ordered to enter a notice of voluntary dismissal as to either Count II or Count III within seven (7) days of this order."
The concluding paragraph of the order provided that the defendant should have twenty days from the date of the filing of the "notice of voluntary dismissal, as set forth above," within which to plead to the amended complaint. Appellants concede that they may not proceed to judgment on two inconsistent counts, but urge that the learned trial judge erred in requiring the election prior to the defendant's answer and prior to discovery.
Both parties rely upon Deemer v. Hallett Pontiac, Inc., 288 So.2d 526 (Fla. 3rd DCA 1974). In that case it was ordered that the plaintiff make an election of remedies "at the time the issue was at cause and ready for trial." A substitute judge thereafter scheduled a pre-trial conference "and ordered that the plaintiff make an election of remedies, suspending discovery by plaintiff until such time as he elects his remedies." The latter order was affirmed by the appellate court which stated:
"* * * The two remedies sought by the plaintiff were not apposite. They were mutually exclusive. A claim for recision is predicated on disavowal of the contract. A claim for damages is based upon its affirmance." (288 So.2d 527-528)
However, we need not determine which position is supported by the Deemer case because our decision is controlled by Fla.R. Civ.P. 1.110. Section (b) of that rule provides that "Relief in the alternative or of several different types may be demanded." Section (g) of the same rule provides: "A party may also state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or equitable grounds or both." (Emphasis added)
Clearly a party may plead and litigate inconsistent remedies. Equally clearly, a plaintiff may not recover on two or more judgments entered for the same wrong. Whether election must be required prior to trial, prior to judgment or prior to satisfaction (see 28 C.J.S. Election of Remedies § 3) we need not now determine because, as above stated, appellants have conceded that in this case they must elect prior to judgment. But the learned trial judge did err upon entering the order here appealed prior to discovery, prior to the defendant's answer, prior to pre-trial conference and prior to the taking of evidence.
REVERSED.
McCORD, C.J., concurs.
MILLS, J., dissents.