418 So.2d 1162 (1982)
Joe W. CORDELL, George S. Taff and Hugh E. Williams, Jr., Appellants,
v.
WORLD INSURANCE COMPANY, Appellee.
No. AB-413.
District Court of Appeal of Florida, First District.
August 31, 1982.
*1163 Robert M. Ervin, Thomas M. Ervin, Jr., and Dean Bunch of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellants.
J. Marshall Conrad of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
JOANOS, Judge.
This appeal is from a final order dismissing with prejudice all class action allegations from appellants' second amended complaint. We affirm.
The relevant facts are that appellants all held disability insurance policies with World Insurance Company which contained a clause allowing the company to reserve the right to decline to renew the policy only if all renewals were declined on all policies of that series which had been issued to those in the professional occupation named in the policy schedule in Florida. In May of 1976, each of the appellants received a non-renewal letter from the president of the company stating that the company was declining to renew all like policies. Appellants filed a complaint alleging that the company had not declined to renew all such policies, the company had accepted and negotiated a check or checks in renewal of a policy or policies of the series, and the company had not complied with the provision of the insurance contract whereby renewal could be denied.
The second amended complaint attempted to turn the action into a class action by stating that it was an action for damages sustained by each plaintiff and on behalf of all others similarly situated. Discovery had revealed that 151 of the 154 policyholders had been non-renewed, but three policyholders who had policies within the same series were not nonrenewed. The three policyholders omitted were then sent notices of non-renewal and a refund of the premiums accepted since the May of 1976 decision to non-renew. All three parties involved accepted the return of premiums. The insurance company characterizes the failure to non-renew the three policyholders as simply an oversight; appellants characterize it as fraud and breach of contract.
The insurance company filed a motion to dismiss the second amended complaint challenging at length the allegations both as to the individuals and as to the class. The initial order granting dismissal was somewhat unclear in tha it appeared to dismiss the class action allegations in some, but not all, of the counts of the complaint, and did so with a citation of case law concerning recovery for fraud. In response to a motion for clarification, however, the court specified that it was dismissing with prejudice all class action allegations from all counts of the amended complaint. Such action is an appealable final order, as was determined by this court in a prior appeal of Cordell v. World Insurance Company, 352 So.2d 108 (Fla. 1st DCA 1977).[1]

I
We agree with the trial court's dismissal of the class action aspects of the case. Under the circumstances here the members of the asserted class have a community *1164 of interest in spite of the fact that the members have entered into separate contracts. The situation is distinguishable from that which occurs when the interest of one policyholder does not depend upon and is not related to the interest of any other policyholder. Andrews v. Equitable Life Assurance Society of United States, 124 F.2d 788 (7th Cir.1942). Here, the interests of all the policyholders of the particular kind of policy in non-renewal have been made dependent upon and coextensive with the interests of the others. See also, Alvarez v. Pan American Life Insurance Company, 375 F.2d 992 (5th Cir.1967).
In Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1977), the Florida Supreme Court reiterated its prior holdings that even though property owners may have separate rights, a class action may be maintained if there is a common question of law and fact.
However, community of interest is only one of the requirements to be met when one is attempting to maintain a class action. See Harrell v. Hess Oil and Chemical Corporation, 287 So.2d 291 (Fla. 1973). Another requirement, and one which we believe appellants fail to meet, is that the character of the relief sought must be applicable to all the members of the class. State ex rel. Devlin v. Dickinson, 305 So.2d 848 (Fla. 1st DCA 1974). See also, Frankel. In the instant case, there is no agreement even among the named plaintiffs as to the remedy sought. The pleadings show the claims for relief as including specific performance, rescission, and damages. Furthermore, it is clear that these particular remedies may be subject to separate and distinct defenses. Thus, it appears to us that appellants have failed to establish that they can adequately represent the class. In order to represent a class, parties must show more than that they exist in the class. Southern Bell Telephone and Telegraph Company v. Wilson, 305 So.2d 302 (Fla. 3rd DCA 1975).
Since we agree with the trial court that dismissal of all class action aspects of the cause was proper, we need not deal with the separately urged issue regarding the sufficiency of the fraud allegations.

II
At the same time that the trial court dismissed the class action aspects, it denied those portions of the motion to dismiss directed at other aspects of the cause. Appellee filed a notice of cross-appeal and in its brief disputed the partial denial of its motion. Appellants filed a motion to dismiss the cross-appeal and to strike those portions of appellee's brief directed to the issues on cross-appeal. At the time the court denied appellants' motion, we had not considered this cause on the merits. Now that we have examined the case more thoroughly, we realize that the issues raised in the cross-appeal are not ripe for review and that the order appealed from is, as to those issues, interlocutory in nature, Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974); Habelow v. Travelers Insurance Company, 389 So.2d 218 (Fla. 5th DCA 1980).
Accordingly, the cross-appeal is DISMISSED. The order dismissing the class action with prejudice is AFFIRMED.
WIGGINTON, J., and OWEN, WILLIAM C., Associate Judge, concur.
NOTES
[1] There were two other prior appeals in this cause. In Cordell v. World Insurance Company, 355 So.2d 479 (Fla. 1st DCA 1978), this court ruled essentially that the dismissal of the class action aspects of the case was premature and the trial court should reserve ruling on the motion to dismiss until the party seeking to represent or maintain a class action has had opportunity to employ sufficient discovery to ascertain the information that must be pleaded. In Cordell v. World Insurance Company, 358 So.2d 223 (Fla. 1st DCA 1978), this court again reversed, holding that the trial court erred in requiring plaintiffs to elect between the remedies of rescission and damages prior to answer and discovery.