PER CURIAM.
Lila Dickerson and Bertha Fanning, as personal representatives of the decedent’s estate, appeal from an order of the trial court which compels them to commence an action for enforcement of the estate’s rights, including the filing of a suit within thirty (30) days.
On November 7, 1979, Lila Dickerson deposited $87,000 into a joint account established for herself and Shaker Shikany at Coral Gables Federal Savings and Loan Association. Dickerson withdrew the funds from the account on January 29, 1980. Mr. Shikany died on February 21, 1980, leaving a will which named Dickerson as co-personal representative. Beneficiaries under the decedent’s will seek to recover one-half of the $87,000 as property of the estate.
By order of December 15, 1982, the trial court ruled that the estate may have an action against the bank for having wrongfully permitted withdrawal of the proceeds and ordered that an “appropriate party” pursue an action against the bank. Dickerson was ordered to give testimony in discovery as to conversations and occurrences between herself and the decedent.
Dickerson contends on appeal that the court implicitly determined in the December 15, 1982 order that she, as co-personal representative, was not the party to bring the action, recognizing that her personal interests as the recipient of the funds were adverse to those of the estate.[1] On examination of the record and the order of December 15, 1982, we are in agreement. No appeal was taken from that order.
The later orders of the court from which this appeal is brought, to the extent that they compel Lila Dickerson, as co-personal representative, to pursue an action against the bank to recover part of the funds which she withdrew on a claim of entitlement, are reversed as being contrary to the law of the case. See Annat v. Beard, 277 F.2d 554 (5th Cir.) (in condemnation of properties of several owners, the trial court’s ruling that boundaries of one owner’s property were to be taken in accordance with govern *13 ment’s map established law of the case, even though it was determined on another owner’s appeal that the government’s map was erroneous), cert. denied, 464 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 233 (1960). The court made no finding that its earlier ruling was erroneous, and we conclude that the earlier ruling was correct.
Reversed and remanded.

. The parties agree that if Dickerson, as co-personal representative of the estate, prevailed in an action against the bank then the bank would have a third-party claim against Dickerson. According to appellee, Dickerson is obligated to prosecute, in good faith, a negligence claim against the bank where liability would ultimately fall on her personally — a classic conflict of interest position. However, the bank’s negligence and Dickerson’s personal liability are not issues in this appeal.