PER CURIAM.
This is an appeal from a non-final order denying a designation of a matter in the trial court as a class action.
*587 We affirm for two reasons. First, the plaintiff was estopped by the doctrine of the “law of the case” from now urging that the claims of the several plaintiffs and of the class, are common, having previously argued successfully before the local federal district court judge that they were separate.[1] See and compare U.S. Gypsum Co. v. Columbia Cos. Co., 124 Fla. 633, 169 So. 532 (1936); Dickerson v. Shikany, 485 So.2d 11 (Fla. 3d DCA 1986); Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1982). Second, no abuse of discretion has been demonstrated by the appellants, and without such, the trial court should be affirmed in denying the class certification. See and compare East Texas Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977); Arrowsmith v. Broward County, 633 So.2d 21 (Fla. 4th DCA 1993); Love v. General Dev. Corp., 555 So.2d 397, 398 (Fla. 3d DCA 1989); Adiel v. Electronic Fin. Sys., Inc., 513 So.2d 1347 (Fla. 3d DCA 1987); Cordell v. World Ins. Co., 418 So.2d 1162, 1164 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 5 (Fla.1983). Therefore, for the foregoing reasons the trial court order denying certification as a class action is affirmed.
Affirmed.

. After the matter had been removed to the federal court by the defendants it was remanded to the trial court upon motion of the plaintiffs which urged the separateness of the various claims.