682 So.2d 643 (1996)
Torrey WHIGUM, Appellant,
v.
HEILIG-MEYERS FURNITURE INC., Appellee.
No. 96-1418.
District Court of Appeal of Florida, First District.
November 5, 1996.
*644 Bruce Committe, Pensacola, for Appellant.
Stephen F. Bolton of Moore, Hill, Westmoreland, Hook & Bolton, P.A., Pensacola; David G. Greene of Lord, Bissell & Brook, Atlanta, GA, for Appellee.
PADOVANO, Judge.
This is an appeal from a nonfinal order denying class certification in an action based on the Florida Consumer Collection Practices Act. We have jurisdiction. Fla.R.App.P. 9.130(a)(6). The appellant, Torrey Whigum, contends that the trial court erred in deciding the issue of class certification before the completion of discovery on matters pertaining to the composition of the class, and that the court erred in treating potential claims by the appellee, Heilig-Meyers Furniture Inc., against individual class members as compulsory counterclaims. We agree on both points and reverse.

I.
Whigum purchased furniture on credit at the Heilig-Meyers store in Milton. She did not make the payments when due and agents of the company tacked a printed notice entitled "Legal Notice for Return of Property" to the door of her residence. On October 30, 1995, Whigum filed a complaint against Heilig-Meyers contending that the printed notice was an unlawful practice under the Florida Consumer Collection Practices Act, section 559.72(10) & (11), Florida Statutes. She sought relief individually and as a representative of a class of persons who had been subjected to the same collection practice. The complaint alleges that the members of the class are so numerous that joining them all in a single lawsuit would be impractical.
Seven days later, Heilig-Meyers filed a combined motion to dismiss the complaint and to deny class certification. Whigum did not file a motion to certify the class but instead served initial interrogatories requesting information pertaining to the use of the notice form in other cases. Heilig-Meyers responded by objecting to each question and then Whigum filed a motion to compel the answers. In support of its motion to deny class certification, Heilig-Meyers submitted two affidavits. One stated that employees of Heilig-Meyers were "unable to ascertain which of its seriously delinquent debtors received the allegedly defective form" and the other stated that the "form was sent to a small and indeterminate number of seriously delinquent debtors."
On April 4, 1996, the trial court entered an order granting Heilig-Meyers' motion to deny class certification. The court concluded that the members of the class are not so numerous that separate joinder would be impractical and that Heilig-Meyers could assert a compulsory counterclaim against Whigum and other members of the class for nonpayment on the underlying debt. The court had not ruled on Whigum's motion to compel answers to interrogatories at the time it denied class certification.

*645 II.
A claim or defense can be asserted for a class if: (1) the members of the class are so numerous that joining each member is impractical, (2) the claim or defense involves questions of law or fact common to the individual class members, (3) the claim of the representative party is typical of those that would be asserted by individual class members, and (4) the representative party can fairly and adequately protect and represent the interest of each class member. Fla. R.Civ.P. 1.220(a); Estate of Bobinger v. Deltona Corp., 563 So.2d 739 (Fla. 2d DCA 1990). Whether these requirements have been met is a matter within the discretion of the trial court. Goldfarb v. Insurance Co. of North America, 642 So.2d 586 (Fla. 3d DCA 1994). Here, the trial court ruled that the potential claimants were not too numerous to be joined in the lawsuit individually. This decision would likely be upheld as a reasonable exercise of the court's discretion had it been made on a fully developed record of the facts. We conclude, however, that the decision was premature in that it was made before Whigum had an opportunity to discover evidence relating to the issue.
Rule 1.220 of the Florida Rules of Civil Procedure sets the general time limits for consideration of a motion to certify a class. Subdivision (d)(1) of the rule provides that the court must determine the issue of class certification "as soon as practicable" after the issue is presented, and "before service of an order for pretrial conference or a notice for trial." A decision on class certification should be made promptly, but only after the parties have had an adequate opportunity to discover facts necessary to support all of the requirements of a class action. This point was established in Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1976), a case in which the Florida Supreme Court remanded a claim to the trial court for further discovery relating to the class allegations. The supreme court explained:
In the average class action the information needed to satisfy the requirements of the rule as enunciated in Harrell [v. Hess Oil & Chemical Corp., 287 So.2d 291 (Fla. 1973)], can only be obtained through discovery. Consequently, trial courts should reserve ruling on a motion to dismiss until the party seeking to represent or maintain an action against a class has had the opportunity to employ sufficient discovery to ascertain the necessary information that must be plead[ed]. Thus, the rules of civil procedure must be liberally construed in permitting the amendment of pleadings.
Id. at 469.
This Court relied on Frankel in Cordell v. World Insurance Company, 355 So.2d 479 (Fla. 1st DCA 1978), in reversing and remanding a case to the trial court for further proceedings. In Cordell, the "class" was defined in the complaint as "all insureds of similar policies issued by defendant who had had their policies wrongfully canceled." Id. at 480. While discovery was pending, the trial court granted a motion to dismiss, allowing individual plaintiffs to amend by filing separate suits. Applying Frankel, this Court in Cordell held that the trial court should have reserved ruling on the motion to dismiss until the plaintiffs seeking to represent the class had an opportunity to employ sufficient discovery.
The decisions in Cordell and Frankel require reversal here, as well. Heilig-Meyers objected to Whigum's interrogatories and provided only general information relating to the prior use of the notice form. The trial court granted Heilig-Meyers' motion to dismiss well before Whigum had obtained adequate discovery. At this stage of the proceedings, as in Cordell, the trial court did not have sufficient information to decide whether a class action could be maintained. Therefore, the trial court abused its discretion in denying class certification prematurely.

III.
The potential for individual compulsory counterclaims would be an independent ground for the denial of class certification because Heilig-Meyers would be required to assert all of the claims in the same proceeding. Fla.R.Civ.P. 1.170(a). A separate counterclaim against each class member would lead to multiple individual adjudications, thereby outweighing the advantage to be gained by resolving the main claims in a *646 single lawsuit. See, generally, Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (Fla.1942)(holding that the purpose of a class suit is to save a multiplicity of suits). Unlike the issue regarding the number of claimants, however, the trial court's characterization of the debt action as a compulsory counterclaim presents a pure issue of law which must be resolved by the de novo standard of review. This adjudication in the trial court did not require fact finding or the exercise of the court's discretion.
Although the issue is one of first impression in Florida, we conclude that an action on a debt for the purchase of consumer goods is a permissive counterclaim to an action under the Florida Consumer Collection Practices Act. Because the counterclaims proposed by Heilig-Meyers are permissive and not compulsory, they can be severed from the main claim and they do not impair the court's ability to resolve the main claim in a single lawsuit.
The test in Florida for determining whether a counterclaim is compulsory or permissive is set out in Londono v. Turkey Creek Inc., 609 So.2d 14 (Fla.1992). As the supreme court explained, the issue is one that ultimately turns on the existence of a "logical relationship" between the claim and counterclaim. Citing Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160 (Fla. 3d DCA 1981), and likewise adopting the federal test employed in Neil, the supreme court stated in Londono:
"[A] claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis for both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant."
Londono 609 So.2d at 20. (Citing Neil's quotation from Revere Copper and Brass, Inc., v. Aetna Casualty and Surety Co., 426 F.2d 709, 715 (5th Cir.1970)).
By this standard, an action to collect a consumer debt is not a compulsory counterclaim to an action under a statute regulating consumer collection practices. We recognize that the "transaction or occurrence" must be interpreted broadly under Londono, and that there is some overlap in the facts. Nevertheless, the actions do not "arise" out of the same aggregate set of operative facts. The debtor's action under the statute is based on the commission of prohibited debt collection practices, and the creditor's action on the debt is based on the failure to pay for consumer goods sold on credit. Furthermore, the filing of one action does not "activate" the filing of the other in a circumstance in which the second action might otherwise remain dormant. A retail sales company can pursue a collection suit for the recovery of a consumer debt whether the debtor complains about its presuit collection practices or not. The two actions do not depend on each other.
Our conclusion that the action on the debt is not a compulsory counterclaim is also supported by analogous decisions in the federal courts. For example, in Peterson v. United Accounts, Inc., 638 F.2d 1134 (8th Cir.1981), the Eighth Circuit Court of Appeals held that an action under the Federal Debt Collection Practices Act is not a compulsory counterclaim to an action to collect the debt. In support of this decision, the court relied on a series of related federal court decisions holding that an action on a debt was not a compulsory counterclaim to an action under the Federal Truth in Lending Act. See Valencia v. Anderson Bros. Ford, 617 F.2d 1278 (7th Cir.1980), reversed on other grounds, 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981); Whigham v. Beneficial Finance Co., 599 F.2d 1322 (4th Cir.1979). Accord, Maddox v. Kentucky Finance Co. Inc., 736 F.2d 380 (6th Cir.1984). While it noted some authority to the contrary, the court in Peterson accepted the rule adopted in the above line of cases as the better view. The court held that the counterclaim was permissive because it was not "logically related" to the main claim which, in the court's view, was "initiated to enforce federal policy regulating the practices for the collecting of such debts." 638 F.2d at 1137.
These federal decisions are persuasive authority because the definition of a compulsory *647 counterclaim in rule 13(a), Federal Rules of Civil Procedure, is identical to the definition in rule 1.170(a), Florida Rules of Civil Procedure, and because the policies embodied in the federal consumer statutes are generally the same as those advanced by the state statute upon which the present class action is based. Moreover, these decisions conform to the standard set in Londono v. Turkey Creek Inc. We have considered Heilig-Meyers' argument that the federal cases are distinguishable because federal courts lack jurisdiction to entertain a permissive counterclaim without an independent jurisdictional basis. See, e.g., Plant v. Blazer Financial Services, Inc. of Georgia, 598 F.2d 1357 (5th Cir.1979). While that is a correct statement of the law, it does not alter the fundamental characteristics that identify a particular counterclaim as permissive or compulsory. In the present case, those characteristics dictate our conclusion that the proposed counterclaim is permissive.

IV.
For these reasons we hold that the trial court erred in denying class certification. The trial court decided the issue prematurely before the parties had been afforded an adequate opportunity to conduct discovery. Likewise, we conclude that the claims Heilig-Meyers planned to assert against individual class members for nonpayment of the debt in each case are not compulsory counterclaims. In our view, the proposed actions on the debt are permissive counterclaims and they do not preclude class litigation because they can be severed from the statutory claim asserted in the complaint.
REVERSED AND REMANDED.
BOOTH and WOLF, JJ., concur.