**Marvin FIELDER, et al., individually and on behalf of a class similarly situated individuals, Plaintiffs,**

v.

**CREDIT ACCEPTANCE CORPORATION, et al., Defendants.**

**No. 96–1210–CV–W–3.**

United States District Court, W.D. Missouri, Western Division.

Oct. 9, 1997.

---

Dale K. Irwin, Slough, Connealy, Irwin &
Madden, Bernard E. Brown, Brown Law

Firm, Penntower Office Center, Kansas City, MO, for plaintiffs.

Nancy Louise Ellingsworth, Daniel Yves Hall, Bryan Cave, L.L.P., Kansas City, MO, Bryan E. Martin, Mitchell & Martin, Blue Springs, MO, Frank W. Lipsman, Mark W. Brennan, Kansas City, MO, for Credit Acceptance Corp.

David R. Mitchell, Bryan E. Martin, Mitchell & Martin, Blue Springs, MO, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CERTIFYING CLASS

SMITH, District Judge.

Pending is Plaintiff's Motion for Class Certification. Upon consideration of the parties' pleadings, the briefs submitted by the parties, and the arguments presented at the hearing, the Court grants the Motion for Class Certification.

### I. BACKGROUND

Plaintiffs Marvin Fielder and Deborah Williams initially filed this matter in Missouri state court on October 15, 1996. Defendants Credit Acceptance Corporation ("CAC") and Northeast Auto Credit, Inc. ("NAC") removed it to this Court on November 25, 1996, based upon Plaintiffs' claims asserted under the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. The case is presently pending on Plaintiffs' Second Amended Complaint, which joined Jerome Henderson, Lucy Henderson, Kimberly Williams and Jerry Dau as additional named plaintiffs.

On July 18, 1997, a hearing was held on Plaintiffs' Motion for Class Certification. Plaintiffs and Defendant Credit Acceptance Corporation appeared by counsel. Defendant Northeast Auto Credit, Inc., although duly notified of the hearing, failed to appear, and to date has not filed a response to the pending Second Amended Complaint or filed any suggestions concerning the issue of class certification.

Defendant CAC's principal business is providing automobile dealers with a financing source for used car purchasers who have limited access to traditional sources of consumer credit, such as banks and credit unions, due to their lack of credit history or a poor credit history. All of the named Plaintiffs and putative class members purchased used cars on credit from dealers in Missouri and signed retail installment contracts to finance their purchases, which contracts were assigned by the selling dealers to CAC.

Defendant NAC is engaged in business as a used car dealer. NAC entered into a Retail Installment Contract and Security Agreement with Plaintiffs Marvin Fielder and Deborah Williams for the credit sale and purchase of a vehicle. NAC's contracts were assigned to Defendant CAC.

Plaintiffs Marvin Fielder, Deborah Williams, Kimberly Williams and Jerry Dau allege class claims against Defendants NAC and CAC arising out of overcharges for "official fees" shown in the retail installment contracts for the purchase of used cars. Plaintiffs also allege class claims against CAC arising out of CAC's overcharges for post-maturity interest, defective pre-sale and post-sale repossession notices and deficient pleadings in CAC's deficiency suits and judgments against consumer debtors.

There are two proposed Plaintiff classes, both comprising persons who purchased vehicles in Missouri [1] on or after October 15, 1991 that were financed by Defendant CAC: Class 1 includes those who were overcharged for official fees (the "official fee overcharge class"), and Class 2 includes those who were overcharged for post-maturity interest (the "interest overcharge class") by Defendant CAC. The Plaintiffs further propose subclasses for Class I and Class 2. Class 1 includes two subclasses, one for claims limited to those against NAC and the other for credit sale disclosure violations. Class 2 includes two subclasses, one for insufficient repossession notices and the other for judgements taken for excessive interest. The following classes are proposed by Plaintiff and certified as follows:

**1.** Some of the plaintiffs purchased vehicles directly from Defendant NAC.

### Class 1: Official fees class

All persons who on or after October 15, 1991:

a) Purchased a motor vehicle in Missouri for personal, family or household purposes;

b) Received a Missouri title application in connection therewith which listed defendant Credit Acceptance Corporation ("CAC") as the lienholder; and

c) Executed a retail installment contract for the purchase of the vehicle which was assigned by the selling dealer to CAC, and which listed an amount charged for official fees (as required by R.S.Mo. §§ 365.070 and 365.020(6)) denominated with terms such as "filing", "title", and "public officials" fees, which amount was in excess of the maximum amount of $10.00 in official fees actually paid under Missouri law.

### Subclass 1(A): NAC subclass

The same class as stated for Class 1 above, except that it is restricted to those members of Class 1 who purchased their vehicles from defendant Northeast Auto Credit, Inc. ("NAC")

### Subclass 1(B): Truth in Lending subclass

The same class as stated for Class 1 above, except that it is restricted to those members of Class 1 whose retail installment contracts were executed on or after October 15, 1995, and whose installment contracts were either payable in more than four installments or contained a finance charge.

### Class 2: Post-maturity interest class

All persons who, on or after October 15, 1991:

a) Purchased a motor vehicle in Missouri for personal, family or household purposes; and

b) Executed a retail installment contract for the purchase of the vehicle which was assigned by the selling dealer to CAC, and which either contained no agreement to pay post-maturity interest or contained one of the following clauses:

Post–Maturity Interest: You agree to pay interest at the rate of *9.00%* per year on any amount owing on this contract which is not paid at maturity, including maturity by acceleration.

or

After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at *9.00%* per year.

and,

c) Were charged post-maturity interest by CAC in excess of that provided for in the installment contract.

### Subclass 2(A): Repossession subclass

The same class as stated for Class 2 above, except that it is restricted to those members of Class 2 whose vehicles were repossessed and resold by or for defendant Credit Acceptance Corporation.

### Subclass 2(B): Judgment subclass

The same class as stated for Class 2 above, except that it is restricted to those members of Class 2 who also had judgment taken against them by defendant Credit Acceptance Corporation.

The class counts contained in the Second Amended Complaint are briefly summarized as follows: Counts III through IX all relate to Class I and are predicated on Defendants' official fee overcharges; Counts X through XIV relate to Class 2 and concern the interest overcharge claims, and defective notices and pleadings related to repossessions and defaults.[2]

Plaintiffs assert claims against Defendants NAC and CAC for overcharging official fees in the sale of an automobile and against CAC for misrepresenting the amount of post-maturity interest due on the contracts. Plain-

---

**2.** Counts I and II are individual claims against both NAC and CAC which are not subject to the class certification.

tiffs allege misrepresentation [3], violations of the Missouri Vehicle Time Sales Act (MVTSA) [4] and The Truth in Lending Act (TILA) [5] against both Defendants. Plaintiffs also allege violations of Missouri's Uniform Commercial Code [6] and Missouri law on defaults [7] against Defendant CAC.

## II. DISCUSSION

■ The Court accepts the definitions proposed by Plaintiffs and the Court is not aware of any objections to the definitions of the classes by the Defendant. The Plaintiffs have set forth adequate class and subclass definitions such that class certification can now be determined according to Federal Rule of Civil Procedure 23.

In order to maintain a class action, Plaintiff must satisfy four prerequisites, all of which are set forth in Rule 23(a):

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Upon satisfying these four prerequisites, plaintiffs must demonstrate that their claims qualify under one of the three subparts of Rule 23(b). Rule 23(b)(1)(A) permits certification of a class if there is a risk that separate adjudications will result in "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class," and Rule 23(b)(2) applies if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Rule 23(b)(3) permits creation of an "opt-out" class if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

### A. Rule 23(a)

Plaintiffs contend their claims can satisfy Rule 23. Plaintiffs have altered their position from their original pleading and now request certification under Rule 23(b)(2) or 23(b)(1) instead of under 23(b)(3). As set forth more fully below, the Court concludes that Plaintiffs have satisfied the general requirements set forth in Rule 23(a).

#### 1. Numerosity

■ Defendant NAC did not file an answer to Plaintiffs Second Amended Complaint or file any responses to any of the issues involved with class certification; therefore, the Court certifies Plaintiffs class with respect to NAC. Even if NAC had responded to the class certification issues this requirement would still be complete. Plaintiffs estimated the class of persons who bought vehicles from NAC and who were overcharged for official fees was approximately 120–160 people.

■ Defendant CAC has conceded that the numerosity requirement of Rule 23(a)(1) has been satisfied, and the Court concludes that this requirement has been satisfied. Plaintiffs estimated Defendant CAC had more than 2800 accounts assigned to them in the overcharged official fees class and 2420 accounts in the post-maturity interest class.

#### 2. Commonality

■ This prong of the rule is satisfied when the "legal question 'linking the class members is substantially related to the reso-

---

**3.** Under Chapter 407 of the Revised Statutes of Missouri.

**4.** Under Chapter 365 of the Revised Statutes of Missouri.

**5.** 15 U.S.C. § 1601, et seq.

**6.** Article 9 §§ 400.9–504, 9–506.

**7.** Sections 408.556, 557.

lution of the litigation.'" *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1544, 134 L.Ed.2d 648 (1996); (citing *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 561 (8th Cir.1982), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983) (citations omitted)). "Commonality is not required on every question raised in a class action." *DeBoer,* 64 F.3d at 1174. In this case, Plaintiffs have identified that the same contract form was used to sell vehicles to all members of the classes. The form itself gives rise to Plaintiffs claim that NAC overcharged them for official fees. The potential class members with claims against Defendant NAC would all have mostly the exact same claim. Thus, the Court finds this factor satisfied.

Defendant CAC has conceded that the commonality requirement of Rule 23(a)(2) has been satisfied, and the allegations of the Second Amended Complaint and the parties' briefs lead the Court to conclude that this requirement has been satisfied.

### 3. Typicality

■■■ The typicality requirement is "fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer,* 64 F.3d at 1174, *Paxton,* 688 F.2d at 562. As demonstrated above, the Plaintiffs in this case all have claims against NAC for the same conduct. The only difference between the claims would be the amount of the overcharge for the official fees. Plaintiffs allege the Defendants charged anywhere from $22.00 to $307.50 for a fee that was only $8.50 and consequently pocketed the difference. Thus the Court finds that Plaintiffs meet this requirement because the legal theory for the class is constant.

Defendant CAC has conceded that the typicality requirement of Rule 23(a)(3) has been satisfied, and the allegations of the Second Amended Complaint and the parties' briefs lead the Court to conclude that this requirement has been satisfied.

### 4. Adequacy of Representation

■■■ This factor generally requires "(1) that the plaintiff's attorney is qualified, experienced, and will competently and vigorously prosecute the suit, and; (2) that the interest of the class representative is not antagonistic to or in conflict with other members of the class." *Griffin v. Carlin,* 755 F.2d 1516, 1533 (11th Cir.1985). The Court finds Plaintiffs counsel to be experienced, competent and qualified to prosecute this suit. Neither Defendant takes issue with the competency of counsel to handle the suit. The only argument presented to the Court on this factor is whether CAC would have multiple compulsory counterclaims which would destroy Plaintiffs ability to adequately represent the class. The Court will address the counterclaim issue below. Therefore, the allegations of the Second Amended Complaint, the parties' briefs, and the conduct of the case to date lead the Court to conclude that this requirement of Rule 23(a)(4) has been satisfied.

### B. Rule 23(b)

■■■ Plaintiffs seek certification under either 23(b)(2) or (b)(1). Plaintiffs have asked the Court for class-wide injunctive relief, declaratory relief, and damages. "Certification is appropriate under subsection (b)(2) if classwide injunctive relief is sought when the defendant 'has acted or refused to act on grounds generally applicable to the class.'" *DeBoer,* 64 F.3d at 1175. After reviewing the pleadings and the parties' briefs, the Court finds that the Defendants have continued the challenged practices, taken judgments after this suit was filed and failed to present authority to the Court the Defendants stated did not exist when they themselves were arguing it before another court. Plaintiffs allege continuing violations of their claims throughout the briefing schedule for this motion.

■■■ The Court finds that the Rule 23(a) prerequisites have been met and injunctive and declaratory relief were both requested. The fact that the Plaintiffs also seek damages does not alter the ruling that certification is proper under Rule 23(b)(2). *Paxton,* 688 F.2d at 563. Plaintiffs request injunctive and declaratory relief on every count. The Court finds the damage requests "incidental[ly] to the prayer[s] for injunctive relief." *Id.* The Court finds certification proper under 23(b)(1) as well. The Plaintiffs may not have the resources to sue individual-

 

ly and the results of thousands of state court decisions could be inconsistent. The Court can consider the allegations of the complaint and the supplemental evidentiary submissions of the parties when making its certification decision. *Buford,* 168 F.R.D. 340, 346 (S.D.Ga.1996) (citations omitted). Any doubt must be resolved in favor of certification. *Id.*

The class certification hearing and the parties' briefs focus on CAC's contention that numerous compulsory counterclaims against class members who have defaulted on their loans will overburden the class suit. CAC, however, has not provided a clear number to the Court of exactly how many counterclaims they could have and which of those would be "compulsory." CAC argues that Federal Rule of Civil Procedure 13 requires them to file their counterclaims or be forever barred since their claims arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim." Plaintiffs argue Rule 13 is not applicable to class actions to make CAC's claims "compulsory counterclaims." This Court finds that Rule 13 of the Federal Rules of Civil Procedure is not applicable in class actions. *Buford v. H & R Block,* 168 F.R.D. 340 (S.D.Ga.1996).

The Court is unclear how many "compulsory counterclaims" the Defendants allege would prevent class certification. The only numbers provided to the Plaintiffs and the Court are an extrapolation of the total number of account holders and the percentage of accounts that are now delinquent. The Court is unsure why those 962 possible claims have not already been resolved or shouldn't have been resolved during the length of this case or even how many of them existed at the time of the filing of the pleadings in this case. To this date, the Defendants have not filed any counterclaims for the Court to consider. The Eleventh Circuit recently affirmed a district court decision that ruled on the applicability of Rule 13 to class action cases. *Buford v. H & R Block,* (11th Cir. argued June 1997). *Buford* held that since "Rule 13 expressly is applicable only to opposing parties, [a] court may properly conclude that absent class members are not opposing or litigating adversaries for

purposes of Rule 13 N...." "[T]herefore, Rule 13 is inapplicable in a class context." *Buford v. H & R Block,* 168 F.R.D. 340, 363 (S.D.Ga.1996) (citation omitted). The Eighth Circuit has addressed this issue. In *Peterson v. United Accounts, Inc.,* the Court held that a counterclaim premised on a debt to an underlying TILA claim was permissive. 638 F.2d 1134, 1136 (8th Cir.1981). Thus, the counterclaims alleged by Defendants to prevent class certification are not compulsory.

Since CAC's claims are not compulsory, the Court finds no other barriers to the grant of class certification. Plaintiffs have met all the requirements for class certification under Rule 23.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Class Certification (Doc. # 37) is GRANTED.

IT IS SO ORDERED.