908 So.2d 549 (2005)
Kimberly WAGNER, Appellant,
v.
Garland STRICKLAND, Appellee.
No. 1D04-3111.
District Court of Appeal of Florida, First District.
August 5, 2005.
*550 Bruce Committe, Pensacola, for Appellant.
Tracy L. Wenzel of Heekin, Malin, and Wenzel, P.A., Jacksonville, for Appellee.
PER CURIAM.
Appellant, Kimberly Wagner, appeals from an order dismissing her complaint against appellee, Garland Strickland. For the reasons stated below, we vacate the order and remand for further proceedings.
In her complaint, Ms. Wagner alleged that Mr. Strickland engaged in various acts prohibited under section 559.72, Florida Statutes, relating to the collection of consumer debts. She further alleged common law causes of action for intentional infliction of emotional distress, assault, and battery. Mr. Strickland ultimately filed a motion to dismiss asserting four grounds for dismissal. First, Mr. Strickland asserted that the cause of action should be dismissed because Ms. Wagner failed to perfect service of the complaint within 120 days of filing, as required by Florida Rule of Civil Procedure 1.070(j). Next, Mr. Strickland asserted that Ms. Wagner's claims should be dismissed because they were compulsory counter-claims to a suit he previously brought against Ms. Wagner to enforce certain promissory notes. Similarly, Mr. Strickland asserted that Ms. Wagner's suit constituted an improper attempt to split her cause of action against Mr. Strickland. Finally, Mr. Strickland asserted that Ms. Wagner failed to state a cause of action in each of the complaint's seven counts. The trial court granted Mr. Strickland's motion to dismiss without specifying the grounds upon which it relied.
Due to the trial court's failure to specify the basis for its dismissal order, Ms. Wagner was compelled to present four alternative arguments for reversal; one for each of the grounds asserted in Mr. Strickland's motion to dismiss. Mr. Strickland, on the other hand, does not argue the correctness of the trial court's order. Instead, he "concedes" that the trial court erred in dismissing Ms. Wagner's complaint with prejudice and asks this court to reverse with directions that Ms. Wagner be allowed to amend her complaint. Although the trial court entered a final order of dismissal, the actual order on the motion does not state whether it dismissed Ms. Wagner's cause of action with prejudice. This poses a problem for the litigants in that dismissal for failure to timely serve the complaint or failure to state a cause of action is generally without prejudice, while dismissal for failure to assert a compulsory counter-claim in a previous action or improperly attempting to split a cause of action operates as an adjudication on the merits.
Taking Mr. Strickland's concession into account, we choose to dispense with a detailed analysis of the possible bases for the trial court's dismissal order. An order dismissing a cause of action for failure to timely serve the complaint under Rule 1.070(j), is reviewed for an abuse of discretion. See Carter v. Winn-Dixie Store, Inc., 889 So.2d 960, 961 (Fla. 1st DCA *551 2004). The remaining grounds for dismissal asserted by Mr. Strickland present questions of law to be reviewed under the de novo standard. See Dep't of Agric. & Consumer Services v. Mid-Florida Growers, Inc., 570 So.2d 892, 901 (Fla.1990) (explaining the rule against split causes of action); Whigum v. Heilig-Meyers Furniture, Inc., 682 So.2d 643, 646 (Fla. 1st DCA 1996) (addressing compulsory counter-claims); Hernandez v. Tallahassee Med. Ctr., Inc., 896 So.2d 839, 840 (Fla. 1st DCA 2005) (addressing dismissals for failure to state a cause of action).
Had the trial court dismissed Ms. Wagner's complaint pursuant to Rule 1.070(j), we would likely find no abuse of discretion on the record before us. Because we cannot tell whether such is the case, we decline to affirm the order on this basis.[1] On remand, appellee may raise this ground again, should he wish to do so.
As to the remaining grounds advanced by Mr. Strickland for dismissal, we find, as a matter of law, that none justified dismissal of Ms. Wagner's cause of action. Ms. Wagner's claims were not compulsory counter-claims in Mr. Strickland's cause of action. See Whigum, 682 So.2d at 646. That being the case, we also find no support for the proposition that Ms. Wagner attempted to split her cause of action as she has brought only one suit against Mr. Strickland and she was not required to assert her claims in Mr. Strickland's cause of action. Finally, each of the counts in Ms. Wagner's complaint contained sufficient allegations to state a cause of action.
Accordingly, the order of dismissal is VACATED and this cause is REMANDED for further proceedings consistent with this opinion.
KAHN, C.J., BROWNING and THOMAS, JJ., concur.
NOTES
[1] We are cognizant of the "tipsy coachman" rule which requires an appellate court to affirm the trial court's ruling "if there is any basis which would support the judgment in the record." Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). Nonetheless, we choose not to apply the rule in this case because there is no indication in the record or the briefs that the trial court was inclined to exercise its discretion to dismiss Ms. Wagner's cause of action under Rule 1.070(j). As the matter is one left to the trial court's discretion, we cannot state definitively that the trial court reached "the right result, but for the wrong reasons." Id. Our disposition leaves the trial court free to reconsider the issue on remand.