PALMER, C.J.
 

 Janice Robinson appeals the final order entered by the trial court dismissing her complaint for insufficiency of service. Determining that no reversible error has been shown, we affirm.
 

 Robinson filed a complaint against Simon Shackelford, John Does # 1-5, and Kevin Beary, Sheriff of Orange County, Florida alleging that she had been battered during the course of an arrest. Sheriff Kevin Beary was eventually dismissed from the lawsuit. Ultimately, Robinson filed a fourth amended complaint naming Shackelford and Travis Mackey as defendants. Shackelford and Mackey filed motions to dismiss the complaint for insufficiency of service of process, alleging that they were never served with a summons or a copy of the complaint and that more than 120 days had elapsed since the filing of the complaint against them.
 
 [1]
 
 A non-evidentia-ry hearing was held on the motion by a magistrate judge.
 
 [2]
 
 However, no transcript of the hearing was included in the record on appeal. After the magistrate issued its recommended order, Robinson filed exceptions and a motion for rehearing related thereto. No transcript of the hearing which was conducted on the motion for rehearing was included in the record on appeal. The circuit court thereafter granted the motion to dismiss, finding there was no good cause or excusable neglect proffered by Robinson which excused the insufficiency of process.
 

 Robinson challenges the trial court’s final order of dismissal, claiming that the trial court was not legally justified in dismissing her complaint. We disagree.
 

 An order dismissing a cause of action for failure to timely serve the complaint is reviewed for an abuse of discretion.
 
 Wagner v. Strickland,
 
 908 So.2d 549 (Fla. 1st DCA 2005). If a plaintiff shows
 
 *852
 
 good cause or excusable neglect, the court must extend the time for service of process and has no discretion to do otherwise; however, if neither good cause nor excusable neglect is shown, the trial court is not required to dismiss the action without prejudice but is left to exercise its discretion.
 
 Pixton v. Williams Scotsman, Inc.,
 
 924 So.2d 37 (Fla. 5th DCA 2006).
 

 Here, without having a transcript of the hearings conducted below, we are unable to determine that the trial court committed any error in dismissing Robinson’s complaint. Accordingly, we affirm the instant dismissal order.
 
 See Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1979)(holding in appellate proceedings, decision of trial court has presumption of correctness and burden is on appellant to demonstrate error);
 
 Maslow v. Edwards,
 
 886 So.2d 1027 (Fla. 5th DCA 2004)(holding without a transcript of proceedings below, review on appeal is limited to errors of law that are apparent on face of record).
 

 AFFIRMED.
 

 SAWAYA and ORFINGER, JJ., concur.
 

 [1]
 

 . The record reflects that no summons was ever issued with regard to Mackey and that the claims against Shackelford were pending for more than two years without service of process being completed.
 

 [2]
 

 . Counsel for Robinson claimed that he filed a motion for an evidentiary hearing which was denied by the trial court. However, Robinson's brief failed to provide any record cite in support of that contention. In fact, the brief did not contain a single record cite for any purpose. Our review of the record fails to reveal any support for this claim, as no such motion was contained in the record.