**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1018
_____

PATRICIA VENNER,
                                            Appellant
v.

BANK OF AMERICA; JUDITH JENNINGS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-04040)
District Judge: Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2010
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
(Opinion filed: July 1, 2010)
_____

OPINION
_____

PER CURIAM.

       Plaintiff sued her mortgagor and the attorney for her condominium

association, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 et seq., in connection with debts contested in a series of lawsuits in state court.

The District Court granted summary judgment to the mortgagor on claim preclusion

grounds but held that, under the <u>Rooker</u>-<u>Feldman</u> doctrine, it lacked jurisdiction to consider the allegations against the attorney. We conclude that the District Court had jurisdiction. Accordingly, we will affirm the judgment against the Bank and vacate and remand the claims against the attorney for further proceedings.

I.

Plaintiff Patricia Venner owned a condominium in New Jersey subject to a mortgage held by defendant Bank of America. Use of the condominium was governed by, and dues were paid to, the Summerhill Condominium Association, whose attorney is co-defendant Judith Jennings. Since 2001, these parties have been mired in litigation over money owed by Venner to the association and the Bank, which includes legal fees for Jennings' efforts to collect that debt. We discuss only some of those proceedings.

A. Condominium Dues Arrearage and Related Litigation: 2001-2005

Because Venner was delinquent with her condominium association dues, the association, represented by Jennings, filed suit in state court on January 20, 2004, to foreclose on a lien in the amount of $1,770. In January 2005, the court ruled in favor of the association and awarded attorney's fees for the period from 2003 to 2005.

In October 2004, Venner filed a state court action against the association, alleging discriminatory fees. The association counterclaimed for fees and assessments owed through November 22, 2004, and over $8,000 in attorney's fees. In February 2005,

after a trial, judgment was entered in favor of the association.

### B.  The Bank Pays Venner's Debt and Seeks Foreclosure, While the Association Continues to Press for Unpaid Dues: 2005-2008

In April 2005, at the Bank's request, Jennings calculated Venner's debt to the association.  The total, which included the attorney's fees resulting from the various lawsuits, came to $19,349.63.  Pursuant to a provision in the mortgage agreement, the Bank paid the association that figure and added that amount to Venner's mortgage debt.

In December 2006, the association was awarded default judgment in the amount of $4316.36 for additional unpaid dues.

The Bank instituted a foreclosure action in the Superior Court of New Jersey at some point in mid-2006.  Venner counterclaimed that foreclosure was improper because Jennings, a non-party in the case, had misrepresented her fees to the Bank, which in turn relied on the misrepresentation in calculating the mortgage debt.  The court explicitly declined to address that argument and found in favor of the Bank, entering a final judgment of foreclosure on August 22, 2007.  Venner did not appeal.

Venner's final state court action, against Jennings only, was filed in November 2006.  There, Venner claimed that Jennings' false reporting of fees (namely, the $19,349.53 figure) had prompted the foreclosure action, caused Venner's credit to go "from good to bad[,]" and imposed "stress and hardship" upon Venner.  The state court granted Jennings' motion for summary judgment in May 2008, nine months after Venner

3

had filed this suit in the District Court.

## C.  Venner's Federal Lawsuit

Plaintiff brought this action on August 23, 2007, one day after the final order of foreclosure was entered.  Asserting violations of unspecified  provisions of the Fair Debt Collection Practices Act, the complaint, read generously, alleged that: (1) by improperly calculating her fees, Jennings misrepresented to the Bank that Venner owed $19,349.53; (2) the Bank improperly foreclosed on the basis of the misrepresented debt; (3) defendants had conspired to fraudulently acquire and sell her home; and (4) as a result of the defendants' actions, Venner's credit had been harmed and her emotional state had suffered.  She sought damages in the amount of $200,000.  That same day, Venner asked the District Court to stay the foreclosure order.  The Court entered an order on March 5, 2008, denying that request on Rooker-Feldman grounds.

Defendants filed for summary judgment.  On May 19, 2009, the Court granted summary judgment in favor of the Bank, holding that New Jersey's Entire Controversy Doctrine precluded consideration of Venner's claims against that defendant.[1] In an order dated December 2, 2009, the District Court dismissed the claims against Jennings for lack of subject matter jurisdiction, citing Rooker-Feldman.  It also denied as

---

[1]  That doctrine "is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles."  Rycoline Prods., Inc. v. C & W Unltd., 109 F.3d 883, 886 (3d Cir. 1997).

4

"unfounded" Jennings' request for fees and costs, filed under N.J. Stat. Ann. 2A:15-59.1.[2]

Venner appealed.

## II.

### A. Venner's Claims Against the Bank

Venner's complaint asserted three claims against the Bank: (1) improper foreclosure on a falsely calculated debt; (2) conspiracy with Jennings to fraudulently acquire and sell her home; and (3) harm to Venner's credit as well as pain, suffering, and emotional distress.[3]

The District Court granted summary judgment in favor of the Bank on all claims in May 2009, finding them to be foreclosed by New Jersey's Entire Controversy Doctrine.[4] That doctrine requires the parties to a case to assert in that proceeding all claims against the other parties arising out of the same transaction or occurrence. A litigant who fails to do so is "forever barred from bringing a subsequent action involving the same underlying facts." Rycoline Prods., Inc. v. C & W Unltd., 109 F.3d 883, 885 (3d Cir. 1997). Because FDCPA claims may be pursued in either state or federal court, see

---

[2] Jennings has not appealed that order.

[3] As noted earlier, Venner also requested an emergency stay of foreclosure, which was denied on Rooker-Feldman grounds in March 2008. Venner has not appealed that ruling, and we do not address it.

[4] In the alternative, the Court held that the FDCPA claims were barred by the one-year statute of limitations imposed at 15 U.S.C. § 1692k(d).

Peterson v. United Accounts, Inc., 638 F.2d 1134, 1135-36 (8th Cir. 1981), the District Court held that Venner's failure to raise such claims in one of the state lawsuits involving the Bank precluded her from doing so in this case.

In her Notice of Appeal, Venner does not cite the District Court's grant of summary judgment in favor of the Bank. Nor does her brief challenge the District Court's disposition of the claims against that defendant. We conclude, therefore, that Venner has abandoned these claims and waived her right to contest the May 2009 order dismissing them. See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000) ("Rule 28(a) of the Federal Rules of Appellate Procedure and our Local Appellate Rule 28.1(a) require appellants to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief."); cf. Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) ("'[p]articularly where important and complex issues of law are presented, a . . . detailed exposition of argument is required to preserve an issue'" (first alteration in original) (quoting Frank v. Colt Indus., 910 F.2d 90, 100 (3d Cir. 1990))).

### B. Claims Against Jennings

A broad reading of Venner's complaint against Jennings may allow allegations that: (1) by misrepresenting her fees, Jennings falsely represented to the Bank that Venner owed $19,349.53, ultimately prompting the Bank to foreclose; (2) Jennings conspired with the Bank to acquire and sell her home; and (3) Jennings' actions harmed Venner's credit and caused her pain, suffering, and emotional distress.

The District Court concluded that "[t]o grant Venner relief would require the conclusion that at least one state court decision entered before the filing of this action (and probably more) erred in holding that Jennings was entitled to the fees she was awarded." In addition, the Court determined that "Venner is [not] seeking relief from an injury independent of any injuries caused by state court judgments." Based on those findings, the District Court concluded that Rooker-Feldman provided a jurisdictional bar to Venner's claims against Jennings.

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005), the Supreme Court held that Rooker-Feldman applies only where plaintiffs who "had litigated and lost in state court[ ]" filed "federal complaints . . . [that] essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments." If, on the other hand, "a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. at 293 (internal quotation marks, alterations, and citation omitted). Exxon Mobil thus emphasized the "narrow ground occupied by Rooker-Feldman." Id. at 284.

We address the allegations against Jennings seriatim.

1. *Misrepresentation of Fees & Foreclosure*

Venner's claim that Jennings exaggerated the extent of her fees and

7

ultimately caused the Bank to foreclose mirrors her allegations in the state court case against Jennings, filed in November 2006, as well as her counterclaim in the foreclosure action.

The state court, in entering the final judgment of foreclosure, explicitly declined to rule on that counterclaim. Accordingly, the allegation involving Jennings' misrepresentation was not disposed of by a state court until the judgment of May 8, 2008, nearly nine months after this suit was filed. The Rooker-Feldman doctrine, therefore, did not deprive the District Court of subject matter jurisdiction over this claim. See Exxon Mobil, 544 U.S. at 284 (doctrine is limited to "cases brought by state-court losers complaining of . . . state-court judgments rendered before the district court proceedings commenced" (emphasis added)).

The District Court erred in declining jurisdiction over the claim of fee misrepresentation by Jennings, and we will remand to the District Court for preclusion analysis and any other pertinent matters that may exist.

### 2. Conspiracy to Fraudulently Acquire & Sell Venner's Home

The FDCPA, a remedial statute, "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995). Under the FDCPA, a "debt collector" can be civilly liable for his or her attempts to collect a debt notwithstanding the bona fide nature of the debt itself. See, e.g., 15 U.S.C. § 1692e (prohibiting the use of

8

"any false, deceptive, or misleading representation or means in connection with the collection of any debt").[5] We do not decide if Venner has presented a valid claim under the FDCPA by asserting that Jennings conspired with the Bank to acquire and sell her condominium.

The initial question is whether this particular claim was a subject of a judgment in any of the state court proceedings. Despite the comprehensive description of the state suits provided by the defendants and by the District Court, as well as our own review of the record, it is unclear whether any state court judgment has yet resolved this claim. We will remand for determination of this issue, which will in turn control the Rooker-Feldman and claim preclusion analyses.

### 3. Harm to Venner's Creditworthiness and Emotional Distress

Venner's assertions regarding pain, suffering, emotional distress, and the damage done to her credit as a result of Jennings' alleged actions are very similar to allegations in the state court case filed against Jennings in November 2006. As noted earlier, those allegations were not disposed of until May 2008, well after this lawsuit was filed in the District Court.

---

[5] Jennings likely is subject to the FDCPA. See Heintz v. Jenkins, 514 U.S. 291, 294 (1995) ("debt collector," as that term is used in the FDCPA, 15 U.S.C. § 1692a(6), includes attorneys). We have noted that under the FDCPA, "attorney debt collectors warrant closer scrutiny because their abusive collection practices 'are more egregious than those of lay collectors.'" Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 301 (3d Cir. 2008) (citation omitted).

9

Cases proceeding concurrently in state and federal court do not implicate Rooker-Feldman. That doctrine did not deprive the District Court of subject matter jurisdiction over these claims. See Exxon Mobil, 544 U.S. at 284 (doctrine is limited to "cases [involving] . . . state-court judgments rendered before the district court proceedings commenced" (emphasis added)).

We will remand for determination of whether these claims of emotional distress and loss of creditworthiness are barred under preclusion law or any other basis.

Venner's motion for appointment of counsel will be denied. Judgment in favor of the Bank will be affirmed. Judgment in favor of Jennings is vacated and remanded for further proceedings.